**2013 UT App 67**

# THE UTAH COURT OF APPEALS

LAYTON CITY,

*Plaintiff and Appellant,*

*v.*

BRENT SORENSON STEVENSON,

*Defendant and Appellee.*

Opinion
No. 20110840-CA
Filed March 14, 2013

Second District, Layton Department
The Honorable David R. Hamilton
No. 091600208

Gary R. Crane and Steven L Garside, Attorneys for Appellant
Glen W. Neeley, Attorney for Appellee

JUDGE WILLIAM A. THORNE JR. authored this Opinion,
in which JUDGES GREGORY K. ORME
and STEPHEN L. ROTH concurred.

THORNE, Judge:

¶1     Layton City appeals from the district court's final order
dismissing, with prejudice, one count of patronizing a prostitute
against Brent Sorenson Stevenson. *See generally* Utah Code Ann.
§ 76-10-1303 (LexisNexis 2012). We reverse and remand.

BACKGROUND

¶2    Defendant was arrested in Layton City and charged in second district court with patronizing a prostitute. On April 14, 2009, Defendant entered into a plea in abeyance agreement with Layton City. Under the terms of the agreement, Defendant pleaded no contest to the patronizing a prostitute charge; in return, Layton City agreed to have the plea held in abeyance for eighteen months. As a condition of the agreement, Defendant was instructed that he was to commit "[n]o violations of law except for minor traffic offenses."

¶3    On October 18, 2009, the day of the offense, Defendant was charged with sexual solicitation in Sunset City. On April 15, 2010, Defendant entered into a diversion agreement in the Sunset City Justice Court. Then, on October 8, 2010, Layton City filed a motion for an order to show cause in the district court alleging that Defendant had violated the terms and conditions of the plea in abeyance agreement based on his sexual solicitation charge in Sunset City. Defendant denied violating the agreement, arguing that no conviction had been entered against him in the Sunset City case because he had entered into a diversion agreement. The district court held an evidentiary hearing on Layton City's order to show cause motion.

¶4    The district court determined that "a 'violation of law,' under the terms of the parties' 2009 Plea in Abeyance Agreement, must necessarily be a conviction and not merely an allegation of misconduct." Thereafter, the district court determined that because Defendant's diversion agreement with Sunset City is not such a conviction it was therefore not a violation of law as contemplated by the plea in abeyance agreement. The court concluded that Defendant had not violated the terms of the plea in abeyance agreement. As a result, the court denied Layton City's motion to reinstate the no contest plea and dismissed with prejudice the patronizing a prostitute charge against Defendant pursuant to the plea in abeyance agreement. Layton City appeals.

## ISSUE AND STANDARDS OF REVIEW

¶5     Layton City argues that the district court erred in dismissing with prejudice the charge against Defendant after determining, based on its interpretation of the Defendant's plea in abeyance agreement, that Defendant had not violated the terms of the agreement. "We review the district court's dismissal of a criminal case for abuse of discretion." *State v. White*, 2011 UT App 155, ¶ 7, 256 P.3d 255; *see also* Utah R. Crim. P. 25(a) ("In its discretion, for substantial cause and in furtherance of justice, the court may, either on its own initiative or upon application of either party, order an information or indictment dismissed."). We review "the district court's legal conclusions for correctness." *State v. Baker*, 2010 UT 18, ¶ 7, 229 P.3d 650.

## ANALYSIS

¶6     Layton City argues that the district court erred in requiring a criminal conviction to support a violation of the plea in abeyance agreement.[1] The relevant plea in abeyance term at issue in this case

---

[1]Defendant argues that the State has no right to appeal a dismissal of Defendant's case following the successful completion of a plea in abeyance agreement after full performance of the contractual terms. Indeed, the State's ability to appeal is limited by Utah Code section 77-18a-1(3). *See* Utah Code Ann. § 77-18a-1(3) (LexisNexis 2012). However, the State may, as a matter of right, appeal from "a final judgment of dismissal." *Id.* § 77-18a-1(3)(a). This court has held that the phrase "a final judgment of dismissal" "refers to dismissals where the court construed the applicable law before ruling on the sufficiency of the evidence to convict and before a final judgment." *State v. Amador*, 804 P.2d 1233, 1235 (Utah Ct. App. 1990) (applying Utah Code section 77-35-26(3)(a), a previous version of the current

(continued...)

required that Defendant commit "[n]o violations of law except minor traffic offenses."

¶7     Utah Code section 77-2a-4 sets forth the procedural requirements regarding plea in abeyance violations. This section provides,

> (1) If, at any time during the term of the plea in abeyance agreement, information comes to the attention of the prosecuting attorney or the court that the defendant has violated any condition of the agreement, the court, at the request of the prosecuting attorney, . . . may issue an order requiring the defendant to appear before the court . . . to show cause why the court should not find the terms of the agreement to have been violated and why the agreement should not be terminated. *If, following an evidentiary hearing, the court finds that the defendant has failed to substantially comply with any term or condition of the plea in abeyance agreement, it may terminate the agreement . . . .*
>
> (2) *The termination of a plea in abeyance agreement and subsequent entry of judgment of conviction*

---

[1](...continued)
statute); *see also State v. Musselman*, 667 P.2d 1061, 1064–65 (Utah 1983) (discussing appeals from dismissals and concluding that a dismissal based on the court's construction of the applicable law before the court ruled on the sufficiency of the evidence to convict was, in effect, a final judgment of dismissal and therefore appealable). Here, the district court's reasons for dismissing Defendant's case are based on its legal interpretation of a particular condition of Defendant's plea in abeyance agreement before ruling on the merits of the case. Thus, the State has a right to appeal.

> *and imposition of sentence shall not bar any independent prosecution arising from any offense that constituted a violation of any term or condition of an agreement whereby the original plea was placed in abeyance.*

Utah Code Ann. § 77-2a-4 (LexisNexis 2012) (emphasis added).

¶8 Here, the district court looked to the plain language of the agreement to determine the meaning of the phrase "violations of law." The court then cited Black's Law Dictionary defining "violation" as "[a]n infraction or breach of law or [t]he act of breaking or dishonoring the law." (Alterations in original and internal quotation marks omitted.) Thereafter the court reasoned that "an individual accused of breaking the law is presumed innocent until proven guilty" and "[i]f an individual is ultimately adjudged or pleads guilty to a crime, he is found to have violated the law and is convicted of the underlying crime." The district court then found that a "'violation of law,' under the terms of the parties' 2009 Plea in Abeyance agreement, must necessarily be a conviction and not merely an allegation of misconduct." The court concluded that Defendant's diversion agreement with Sunset City is not a conviction and determined that Defendant had not violated the terms of the plea in abeyance agreement.

¶9 Layton City contends that the plain meaning of the phrase "violation of law," as used in the plea in abeyance agreement and as contemplated in Utah Code section 77-2a-4, does not require a conviction to support a violation of a plea in abeyance agreement. We agree with the City that the plain meaning of the phrase "violation of law" does not, as the district court found, necessarily require a conviction. Rather, under the terms of the parties' plea in abeyance agreement and as contemplated in the statute, a "violation of law" may be supported by evidence of misconduct other than a conviction. The phrase "violation of law" is not limited to proof solely by means of a conviction.

¶10    The plea in abeyance agreement does not specify the exact evidentiary requirement associated with the condition "[n]o violations of law except for minor traffic offenses." Nonetheless, the plain meaning of the term "violation" as utilized in the statute governing pleas in abeyance provides support for the notion that a conviction is not necessarily required to establish a violation of a term or condition of an agreement. The plea in abeyance statute specifically provides that a prosecution and conviction for an offense that constitutes a violation of the plea in abeyance agreement may occur after a violation and the termination of the plea in abeyance. *See* Utah Code Ann. § 77-2a-4(2). Section 77-2a-4(2) states that "[*t*]*he termination of a plea in abeyance agreement* and subsequent entry of judgment of conviction and imposition of sentence *shall not bar any independent prosecution arising from any offense that constituted a violation of any term or condition of an agreement whereby the original plea was placed in abeyance.*" *Id.* (emphasis added). Because the statute contemplates later prosecution for conduct that constitutes a violation of the conditions of the plea in abeyance agreement, it follows that a conviction is not a prerequisite to a finding that a defendant has violated the law in contravention of a condition in a plea in abeyance agreement.

¶11    It is possible for a court to determine that admissions of certain facts by a defendant, or other evidence presented at the requisite evidentiary hearing, are sufficient to establish that the defendant's conduct constituted a violation of the law, and thereby a violation of the plea in abeyance agreement. For instance, a defendant may admit to violating a term or condition of a plea in abeyance agreement, e.g., not submitting to the drug testing required under defendant's plea in abeyance agreement. Such an admission would be sufficient in and of itself to prove a violation of an agreement requiring drug testing. Likewise, the prosecution could present evidence that a defendant tested positive for drugs, when required under an agreement to commit no violations of law except minor traffic offenses. The plea in abeyance statute makes it clear that in a case where the court determines that a defendant

violated a term or condition of a plea in abeyance agreement, such as testing positive for drugs in the second example, a criminal charge arising from that offense may be prosecuted independent of the plea in abeyance matter.

¶12 Based on the statutory usage of the term "violation" in the plea in abeyance statute, we determine that a conviction is not the sole means of proving a plea in abeyance violation.[2] As a result, the district court erred in concluding that under the terms of the parties' plea in abeyance agreement a violation of law may only be demonstrated by a conviction. Thus, we reverse the court's dismissal of Defendant's patronizing a prostitute charge and remand the case for further proceedings consistent with this opinion.[3]

CONCLUSION

¶13 The language of the parties' plea in abeyance agreement, conditioned upon the requirement that Defendant was to commit

---

[2]"Conviction" is such a settled term of legal art that if the legislature meant that only a conviction would be deemed to breach a plea in abeyance agreement, it would have been easy enough to have said so.

[3]Because we reverse on Layton City's first argument that the district court erred in requiring a conviction for a plea in abeyance agreement violation, we need not address the City's secondary argument that in so doing the court implicitly employed an incorrect burden of proof in the evidentiary hearing. *See State v. Carter*, 776 P.2d 886, 888 (Utah 1989) ("[An appellate c]ourt need not analyze and address in writing each and every argument, issue, or claim raised and properly before [it] on appeal."), *overruled on other grounds as recognized by Archuleta v. Galetka*, 2011 UT 73, ¶ 29, 267 P.3d 232.

"[n]o violations of law except for minor traffic offenses," does not require a conviction to support a violation of the agreement. We reverse the district court's dismissal of Defendant's patronizing a prostitute charge and remand for an evidentiary hearing to determine if Defendant violated the law before his plea in abeyance agreement was completed.

¶14    Reversed and remanded.

————————