*This opinion is subject to revision before final
publication in the Pacific Reporter*

**2014 UT 37**

IN THE

## SUPREME COURT OF THE STATE OF UTAH

LAYTON CITY,
*Respondent,*

*v.*

BRENT SORENSON STEVENSON,
*Petitioner.*

No. 20130342
Filed September 5, 2014

On Certiorari to the Utah Court of Appeals

Second District, Layton Dep't.
The Honorable David R. Hamilton
No. 091600208

Attorneys:

Steven L Garside, Gary R. Crane, Layton, for respondent

Glen W. Neeley, Ogden, for petitioner

Randall W. Richards, Ogden, Kent R. Hart, Salt Lake City, for amicus
Utah Association of Criminal Defense Lawyers

CHIEF JUSTICE DURRANT authored the opinion of the Court, in which
ASSOCIATE CHIEF JUSTICE NEHRING, JUSTICE DURHAM,
JUSTICE PARRISH, and JUSTICE LEE joined.

CHIEF JUSTICE DURRANT, opinion of the Court:

### Introduction

¶1   This case presents two related issues: (1) must the
prosecution provide proof of a conviction to establish that a
defendant failed to comply with a plea in abeyance condition

prohibiting any further violations of law;[1] and (2) what standard of proof must the prosecution meet in order to establish that a defendant failed to comply with a condition in a plea in abeyance agreement. The court of appeals reached only the first issue, holding that the prosecution could show that the defendant failed to comply with the condition through "evidence of misconduct other than a conviction."[2]

¶2    As to the first issue, we affirm the decision of the court of appeals and hold that the prosecution need not provide proof of a conviction to establish that a defendant failed to comply with a "no violations of law" condition. Neither the plain language of the condition nor the plea in abeyance statute requires that the prosecution provide evidence of a subsequent conviction to establish that the defendant violated the law. And as to the second issue, we conclude that the prosecution must prove by a preponderance of the evidence that a defendant failed to comply with a plea in abeyance condition. This preponderance standard is applicable in settings similar to a plea in abeyance evidentiary hearing, most notably a probation violation hearing. Moreover, a defendant's right to be presumed innocent is inapplicable in a plea in abeyance evidentiary hearing because at such a hearing the prosecution does not attempt to prove the defendant is guilty of a crime but instead seeks only to enforce the contractual terms of the plea in abeyance agreement.

¶3    Accordingly, we affirm the court of appeals and remand the case to the district court to determine whether the prosecution can prove by a preponderance of the evidence that the defendant failed to substantially comply with the condition in his plea in abeyance agreement that he commit "no violations of law." The district court may exercise its discretion in making this determination by either holding an evidentiary hearing or relying on the existing record.

### Background

¶4    The defendant, Brent Sorenson Stevenson, was arrested in Layton City on February 18, 2009, and charged in Second District Court with patronizing a prostitute. He initially pled not guilty to the charge but later changed his plea to no contest after negotiating a

---

[1] Throughout this opinion we refer to this type of condition as a "no violations of law" condition.

[2] *Layton City v. Stevenson*, 2013 UT App 67, ¶ 9, 298 P.3d 1267.

plea in abeyance agreement with the prosecution.[3] Before entering his no contest plea, Mr. Stevenson signed a Defendant's Rights Sheet informing him of his various individual rights. The district court confirmed that he was entering the plea freely, voluntarily, and without the influence of alcohol or drugs. The district court also confirmed that he understood that by entering the plea he waived certain constitutional rights.[4]

¶5   The minutes of the plea hearing, along with the sentencing sheet signed by Mr. Stevenson, list the terms of the plea in abeyance agreement. Additionally, the district court verbally confirmed the terms of the agreement during the plea hearing. Under the terms of the plea in abeyance agreement, Mr. Stevenson pled no contest to patronizing a prostitute. In exchange, Layton City agreed to have his plea held in abeyance for eighteen months. The plea in abeyance

---

[3] A plea in abeyance is "an order by a court . . . accepting a plea of guilty or of no contest from [a] defendant but not, at that time, entering judgment of conviction against [the defendant] nor imposing sentence upon [the defendant] on condition that [the defendant] comply with specific conditions as set forth in a plea in abeyance agreement." UTAH CODE § 77-2a-1(1). As is the case in other plea settings, judges are charged with ensuring that defendants understand they are waiving important rights by entering a plea in abeyance. *See* UTAH R. CRIM. P. 11(e).

[4] Mr. Stevenson has not argued that his plea was either unknowing or involuntary. Indeed, his reply brief expressly states that he is not "seeking in any way to collaterally attack the underlying plea in abeyance." But at oral argument, Mr. Stevenson's counsel suggested the plea colloquy between the district court judge and Mr. Stevenson may not have perfectly conformed to rule 11. Additionally, Mr. Stevenson's reply brief asserts that "there is no [r]ule 11 colloquy which could constitute a waiver applicable to the claimed violation of law which formed the basis of Layton's claim that the [plea in abeyance] [a]greement should have been terminated for failure to substantially comply with its terms."

Regardless of what Mr. Stevenson intended with these inconsistent statements, because he has not preserved a challenge that the no contest plea was either unknowing or involuntary, we need not address the validity of his no contest plea. Further, based on the record before us, there is nothing to suggest that Mr. Stevenson did not know he was waiving important constitutional rights by entering the plea.

agreement contained the following conditions: (1) the plea would be held in abeyance for eighteen months, (2) Mr. Stevenson could commit "[n]o violations of law, except minor traffic, or like kind violations," (3) he had to pay a fee of $400 with forfeiture of bail applied to the fee, and (4) he had to submit to HIV testing within thirty days and report the results to Layton City. If Mr. Stevenson failed to substantially comply with the conditions in the agreement, the court could terminate the plea in abeyance agreement.[5]

¶6 About six months after Mr. Stevenson entered into the plea in abeyance agreement for the Layton City charge, he was charged in Sunset City Justice Court with sexual solicitation. Approximately six months later, he entered into a diversion agreement with the Sunset City prosecutor. Under this agreement, if Mr. Stevenson complied with certain conditions, the prosecution would dismiss the sexual solicitation charge. But if Mr. Stevenson failed to comply, the court could authorize the prosecutor to proceed with prosecution.[6] Mr. Stevenson complied with the diversion agreement, and on May 5, 2011, the prosecution dismissed the Sunset City action.[7]

¶7 On October 14, 2010, after learning of the Sunset City charge, Layton City filed a motion for an order to show cause with the Second District Court and alleged that Mr. Stevenson violated the condition in the plea in abeyance agreement requiring that he commit no further violations of law. The district court issued an order to show cause, and Mr. Stevenson moved to strike the order and also requested an evidentiary hearing. The court scheduled an evidentiary hearing to determine whether Mr. Stevenson violated the plea in abeyance agreement.

---

[5] UTAH CODE § 77-2a-4(1) ("If, following an evidentiary hearing, the court finds that the defendant has failed to substantially comply with any term or condition of the plea in abeyance agreement, it may terminate the agreement and enter judgment of conviction. . . .").

[6] *Id.* § 77-2-8 ("If . . . the magistrate finds the defendant has failed to comply with any terms or conditions of the diversion agreement, he may authorize the prosecuting attorney to proceed with prosecution.").

[7] Both parties agree that the diversion agreement in the Sunset City action is not a conviction. Further, Utah law expressly states that a diversion agreement is not a conviction. *Id.* § 77-2-7 ("Diversion is not a conviction and if the case is dismissed the matter shall be treated as if the charge had never been filed.").

¶8 At that hearing, the court heard testimony from three witnesses. The first, Jennifer Ben, testified that Mr. Stevenson was her landlord and that he offered rent relief in exchange for sex. According to Ms. Ben, she and Mr. Stevenson had two phone conversations about the proposed exchange. On cross-examination, she also testified that she waited approximately one week to report Mr. Stevenson's proposition, that he allowed her to remain in the apartment for several months without paying rent, and that she had a felony conviction for attempted forgery.

¶9 Corporal Brett Jameson also testified. He testified that he was with Ms. Ben when she called Mr. Stevenson regarding the rent and that Mr. Stevenson suggested that Ms. Ben engage in sexual relations with him. Corporal Jameson admitted that he never specifically identified Mr. Stevenson as the person on the other end of the call. He also admitted that the call between Ms. Ben and Mr. Stevenson was not recorded and that there are no phone records of the call.

¶10 Mr. Stevenson testified last. He denied the allegations that he offered rent relief for sex. He also testified that Ms. Ben owed him for six months of rent.

¶11 After the evidentiary hearing, the district court sought supplemental briefing from the parties on several issues, two of which are relevant to this appeal: (1) what must be proven to establish a violation of a plea in abeyance agreement, and (2) what is the proper standard of proof in order to demonstrate a defendant's failure to comply with a condition in a plea in abeyance agreement.

¶12 After supplemental briefing, the district court agreed with Mr. Stevenson that the "no violations of law" condition in the plea in abeyance agreement required a conviction and not merely an allegation of misconduct. It further agreed with Mr. Stevenson that entering into the diversion agreement with Sunset City did not constitute a conviction. As a result, the district court dismissed with prejudice the patronizing a prostitute charge pursuant to the plea in abeyance agreement.

¶13 Layton City appealed the district court's ruling to the Utah Court of Appeals. That court reversed and held that a "conviction is not a prerequisite to finding that a defendant has violated the law in contravention of a condition in a plea in abeyance agreement."[8]

---

[8] *Layton City v. Stevenson*, 2013 UT App 67, ¶ 10, 298 P.3d 1267.

Mr. Stevenson petitioned for writ of certiorari, which we granted. We have jurisdiction pursuant to Utah Code section 78A-3-102(3)(a).

## Standard of Review

¶14  On a grant of certiorari, "we review the decision of the court of appeals and not that of the trial court."[9] "[W]e review the decision of the court of appeals for correctness."[10] Further, we can "affirm the court of appeals' decision on any ground supported in the record."[11]

## Analysis

¶15  Mr. Stevenson raises two main issues on appeal. The first is whether the "no violations of law" condition in his plea in abeyance agreement required the prosecution to provide proof of a conviction in order to establish that he failed to comply with the condition. The court of appeals held that "a 'violation of law' may be supported by evidence of misconduct other than a conviction."[12] We affirm the court of appeals' decision and hold that the prosecution need not provide proof of a conviction to establish that a defendant failed to comply with a "no violations of law" condition.

¶16 The second issue concerns the standard of proof to be applied where the prosecution seeks to establish that a defendant failed to comply with a condition in a plea in abeyance agreement. Although the court of appeals did not reach the issue, both parties

---

[9] *Am. Fork City v. Pena-Flores*, 2002 UT 131, ¶ 7, 63 P.3d 675 (internal quotation marks omitted).

[10] *Id.* (internal quotation marks omitted). Mr. Stevenson argues that we should review for an abuse of discretion. He asserts that this is the correct standard because the plea in abeyance statute affords district courts discretion in determining whether a defendant has substantially complied with the conditions of a plea in abeyance agreement. But this argument overlooks the questions on which we granted certiorari. We did not grant review on the question of whether the district court correctly concluded that Mr. Stevenson substantially complied with the terms of his agreement. Rather, we granted certiorari on two questions of law–that is, whether a conviction is necessary to establish a defendant's failure to comply with a "no violations of law" condition, and what the applicable standard of proof is in proving a violation of a plea in abeyance condition.

[11] *Id.* (internal quotation marks omitted).

[12] *Layton City v. Stevenson*, 2013 UT App 67, ¶ 9, 298 P.3d 1267.

have asked us to address it because it will necessarily be implicated on remand. We agree that the issue is "likely to be presented on remand"[13] and, accordingly, "exercise our discretion to address [the] issue[] for purposes of providing guidance on remand."[14] Our exercise of discretion is appropriate here because the issue has been "fully briefed on appeal"[15] and properly preserved. We conclude that the "preponderance of the evidence" standard applies when the prosecution attempts to prove that a defendant failed to comply with a plea in abeyance condition.

## I. The Prosecution Need Not Provide Proof of a Conviction to Establish That a Defendant Failed to Comply With a "No Violations of Law" Condition

¶17 We first address the question of whether a "no violations of law" condition requires proof of a conviction to establish a defendant's failure to comply. Mr. Stevenson argues that the language of the condition requires proof of a conviction. He also argues that not requiring proof of a conviction "emasculates the presumption of innocence."[16]

¶18 We reject these arguments for three reasons. First, the plain language of the condition does not require proof of a conviction. Second, the plea in abeyance statute anticipates an independent prosecution for misconduct constituting a failure to comply with a plea condition. And third, Mr. Stevenson's contention that his right to the presumption of innocence requires that the prosecution provide proof of a conviction is unpersuasive because that right does

---

[13] *State v. James*, 819 P.2d 781, 795 (Utah 1991).

[14] *State v. Low*, 2008 UT 58, ¶ 61, 192 P.3d 867.

[15] *James*, 819 P.2d at 795.

[16] Mr. Stevenson also argues for the first time on appeal that section 77-2a-4 of the Utah Code, which governs violations of a plea in abeyance, is unconstitutionally vague. We decline to address this argument because it was not presented below and so is unpreserved. Moreover, Mr. Stevenson has not argued that either plain error or exceptional circumstance justify review. *See State v. Winfield*, 2006 UT 4, ¶ 14, 128 P.3d 1171 ("When a party raises an issue on appeal without having properly preserved the issue below, we require that the party articulate an appropriate justification for appellate review; specifically, the party must argue either plain error or exceptional circumstance." (internal quotation marks omitted)).

not apply where the prosecution merely seeks to enforce the terms of the plea in abeyance agreement. Accordingly, we affirm the court of appeals' decision and hold that the prosecution can establish a failure to comply with a "no violations of law" condition through evidence of misconduct other than a conviction.

### A. The Plain Language of the "No Violations of Law" Condition Does Not Require Proof of a Conviction to Establish a Failure to Comply With the Condition

¶19 Mr. Stevenson argues that general principles of contractual interpretation dictate that the "no violations of law" condition requires proof of a conviction.

¶20 The specific "no violations of law" condition at issue required Mr. Stevenson to commit "[n]o violations of law, except minor traffic, or like kind violations." Mr. Stevenson first argues that the district court correctly interpreted the condition's language and that we should interpret it similarly. The district court concluded "that a 'violation of law,' under the terms of the [plea in abeyance agreement], must necessarily be a conviction and not merely an allegation of misconduct." Alternatively, Mr. Stevenson argues we should conclude that this provision is ambiguous because of "the disagreement between the parties regarding its meaning, as well as the disagreement between the trial court and Court of Appeals." He then argues that we must construe that ambiguity in his favor.

¶21 We reject each of Mr. Stevenson's arguments. As an initial matter, we conclude that the condition is not ambiguous. An overriding principle in contract law is that "the intentions of the parties are controlling."[17] Where a contract is unambiguous, "the parties' intentions are determined from the plain meaning of the contractual language, and the contract may be interpreted as a matter of law."[18] Only where the contract is ambiguous will we look to extrinsic evidence to interpret a contract.[19] The language of a

---

[17] *Cent. Fla. Invs., Inc. v. Parkwest Assocs.*, 2002 UT 3, ¶ 12, 40 P.3d 599.

[18] *Id.*; *see Mid-Am. Pipeline Co. v. Four-Four, Inc.*, 2009 UT 43, ¶ 19, 216 P.3d 352 ("Provided that the language within the four corners of the agreement is unambiguous, we look no further than the plain meaning of the contractual language.").

[19] *Mid-Am. Pipeline Co.*, 2009 UT 43, ¶ 19.

contract is ambiguous "only if it is reasonably susceptible to more than one interpretation."[20]

¶22 We have previously rejected the argument that a contract provision is ambiguous merely because the parties disagree as to its meaning.[21] Rather, a contract provision is ambiguous only where the parties submit tenable contrary readings of the provision.[22] Similarly, the "mere fact that [courts] have reached different conclusions" does not render the condition ambiguous.[23] Indeed, adopting such a rule would create an inference of ambiguity each time we granted certiorari in a case where the district court and court of appeals reached different conclusions regarding a contract's meaning. We have never relied upon such an inference and decline to do so here.[24]

¶23 The language of the "no violations of law" condition unambiguously does not require proof of a conviction. *Webster's Third New International Dictionary* defines "violation" as "an infringement or transgression."[25] Likewise, *Black's Law Dictionary* defines "violation" as "1. An infraction or breach of the law; a transgression. . . . 2. The act of breaking or dishonoring the law; the contravention of a right or duty."[26] Each of these definitions focuses on the wrongful act itself. None of the definitions give any suggestion that a conviction, or any sort of judicial proceeding, is necessary in order for there to have been a violation of law.

---

[20] *Id.*

[21] *Plateau Mining Co. v. Utah Div. of State Lands & Forestry*, 802 P.2d 720, 725 (Utah 1990) ("[A] contract provision is not necessarily ambiguous just because one party gives that provision a different meaning than another party does.").

[22] *Id.*

[23] *Ford v. Dovenmuehle Mortg., Inc.*, 651 N.E.2d 751, 755 (Ill. App. Ct. 1995).

[24] *See, e.g.*, *Watkins v. Ford*, 2013 UT 31, ¶¶ 14–15, 44, 304 P.3d 841 (holding that a contract contained a latent ambiguity without application of an inference of ambiguity where the district court and court of appeals reached differing conclusions regarding contract ambiguity).

[25] MERRIAM-WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1319 (10th ed. 1998).

[26] BLACK'S LAW DICTIONARY 1705 (9th ed. 2009).

¶24 Reading the phrase "no violations of law" to not require proof of a conviction also comports with how we have interpreted similar conditions in the probation context. In *State v. Bonza*, a defendant facing revocation of his probation argued that his probation could not be revoked for a failure to comply with the law because "he was not formally charged with [a subsequent crime] in a separate proceeding nor found guilty by a jury."[27] We rejected this argument and held that where probation is conditioned on the defendant's compliance with the law, "conviction of some subsequent offense is not essential."[28] We reasoned that "[w]hen [the defendant was] placed on probation a condition among others was imposed that he not violate the law—not that he avoid conviction therefor."[29] The same reasoning applies here. Mr. Stevenson agreed that he would commit "no violations of law," not that he would avoid a subsequent conviction.

¶25 For these reasons, we conclude that the plain meaning of the phrase "no violations of law" unambiguously does not require proof of a conviction to establish a defendant's failure to comply with the condition.

*B. The Plea in Abeyance Statute Anticipates an Independent Prosecution for Misconduct That Constitutes a Failure to Comply With a Plea Condition*

¶26 In concluding that the "no violations of law" condition does not require proof of a conviction, the court of appeals primarily relied on section 77-2a-4(2) of the Utah Code.[30] That section states that "[t]he termination of a plea in abeyance agreement . . . shall not bar any independent prosecution arising from any offense that constituted a violation of any term or condition of an agreement whereby the original plea was placed in abeyance."[31] The court of appeals determined that because the statute envisions a potential independent prosecution for an act that also constitutes a violation of a plea in abeyance condition, it necessarily follows that a conviction

---

[27] 150 P.2d 970, 971 (Utah 1944).

[28] *Id.* at 972.

[29] *Id.*

[30] *See Layton City v. Stevenson*, 2013 UT App 67, ¶ 10, 298 P.3d 1267.

[31] UTAH CODE § 77-2a-4(2).

is not a prerequisite to finding a defendant has violated a plea condition.[32] We agree.

¶27 There are numerous instances where a violation of a condition may result in a later independent prosecution. The hypothetical proposed by the court of appeals makes for a good example:

> [A] defendant may admit to violating a term or condition . . . e.g., not submitting to the drug testing required under defendant's plea in abeyance agreement. Such an admission would be sufficient in and of itself to prove a violation of an agreement requiring drug testing. Likewise, the prosecution could present evidence that a defendant tested positive for drugs, when required under an agreement to commit no violations of law except minor traffic offenses. The plea in abeyance statute makes it clear that in a case where the court determines that a defendant violated a term or condition of a plea in abeyance agreement, such as testing positive for drugs in the second example, a criminal charge arising from that offense may be prosecuted independent of the plea in abeyance matter.[33]

¶28 Layton City identifies several practical problems that might arise should the prosecution need to provide proof of a conviction in a later case to establish a failure to comply with a plea in abeyance condition in an earlier case. For instance, requiring proof of a conviction might cause undesirable delays and deprive a court that has accepted a plea in abeyance the ability to oversee the plea. Moreover, if the second jurisdiction moves slowly through its docket, the prosecutors in the first jurisdiction might simply run out of time to establish a defendant's failure to comply with a condition because the second jurisdiction does not enter a conviction before the plea in abeyance agreement expires. Indeed, that is precisely the situation we are presented with here. Mr. Stevenson's plea in abeyance agreement in the Layton City action had an eighteen month term and was set to terminate in August 2010. The Sunset City action resulted in a diversion agreement that terminated in May 2011. So it would have been impossible for the Layton City

---

[32] *Stevenson*, 2013 UT App 67, ¶ 10.

[33] *Id.* ¶ 11.

prosecution to know whether the Sunset City action would result in a conviction or dismissal until after the Layton City plea in abeyance agreement had already terminated.

¶29 The fact that section 77-2a-4(2) specifically anticipates an independent prosecution for a violation of a plea in abeyance condition supports our textual analysis of the "no violations of law" condition because it strongly indicates that a conviction is not required for the prosecution to establish a failure to comply with a condition.[34]

*C. Mr. Stevenson's Assertion That the Right to Be Presumed Innocent Requires the Prosecution to Provide Proof of a Subsequent Conviction Is Unpersuasive Because That Right Is Inapplicable Where the Prosecution Seeks to Enforce the Terms of a Plea in Abeyance Agreement*

¶30 Mr. Stevenson next argues that his right to the presumption of innocence mandates that we interpret the "no violations of law" condition to require "either an admission of guilt or alternatively a guilty verdict." He further argues that "[t]o hold otherwise, literally guts the presumption of innocence." We disagree.

¶31 A plea in abeyance cannot be accepted by a district court until after the defendant enters either a guilty or no contest plea in compliance with rule 11 of the Utah Rules of Criminal Procedure.[35] By entering such a plea, the defendant waives the right to be presumed innocent with respect to the underlying crime.[36] And from that point, the defendant's procedural rights are controlled by statute

---

[34] We note that the prosecution and defendant could always agree to a plea in abeyance condition that expressly requires proof of a conviction to establish a failure to comply with the condition. The statute in no way prohibits such a contractual term. But that is not the situation we are presented with here.

[35] UTAH CODE § 77-2a-3(1)(a) ("Acceptance of any plea in anticipation of a plea in abeyance agreement shall be done in full compliance with the provisions of Rule 11, Utah Rules of Criminal Procedure.").

[36] UTAH R. CRIM. P. 11(e)(3) ("The court . . . may not accept [a] plea until the court has found . . . the defendant knows of the right to the presumption of innocence . . . and that by entering the plea, th[is] right[] [is] waived.").

and the terms of the plea in abeyance agreement.[37] We have recognized this same principle with respect to probation violation hearings. In that context, we have stated that while a probationer is entitled to "at least some minimal procedural safeguards . . . . He need not be indulged the presumption of innocence, nor necessarily be afforded the other protections accorded [to] one accused of crime in the first instance."[38] This reasoning is equally applicable to a plea in abeyance evidentiary hearing because the defendant has entered a plea following a rule 11 colloquy.

¶32 Here, neither the plea in abeyance statute nor Mr. Stevenson's plea in abeyance agreement granted him the right to be presumed innocent in a plea in abeyance evidentiary hearing. For this reason, we conclude that the right to be presumed innocent was inapplicable at his evidentiary hearing and accordingly reject his argument.

## II. The Prosecution Bears the Burden of Showing by a Preponderance of the Evidence That a Defendant Failed to Comply With a Plea in Abeyance Condition

¶33 Having determined that the prosecution need not provide proof of a conviction to establish a failure to comply with a "no violations of law" condition, we turn to the question of what the applicable standard of proof is in establishing violation of a condition.

¶34 Mr. Stevenson contends that the applicable standard is "beyond a reasonable doubt." He suggests that this standard is mandated by his right to be presumed innocent. He also argues that a plea in abeyance evidentiary hearing is akin to a criminal contempt proceeding where the standard of proof is beyond a reasonable doubt.

¶35 We disagree. The "preponderance of the evidence" standard is the appropriate standard of proof to apply in a plea in abeyance evidentiary hearing for two main reasons.[39] First, as we noted above,

---

[37] *See* UTAH CODE § 77-2a-2 (providing the defendant with certain procedural rights such as the right to counsel during negotiations and hearings related to the plea in abeyance agreement).

[38] *Baine v. Beckstead*, 347 P.2d 554, 559 (Utah 1959).

[39] Section 77-2a-4(1) of the Utah Code requires the defendant "to show cause why the court should not find the terms of the agreement to have been violated." Given this language, it could be

(continued)

the right to be presumed innocent is inapplicable in a plea in abeyance evidentiary hearing.[40] Second, a plea in abeyance evidentiary hearing is more like a probation violation hearing than it is a criminal contempt proceeding. And the applicable standard of proof in the probation setting is "preponderance of the evidence."[41]

### A. The Right to Be Presumed Innocent Is Inapplicable in a Plea in Abeyance Evidentiary Hearing

¶36 Mr. Stevenson argues that the appropriate burden of proof at a plea in abeyance evidentiary hearing is the "beyond a reasonable doubt" standard because that standard would be "consistent with the constitutional presumption of innocence."

¶37 We reject this argument for the same reason we reject it above in our discussion of the "no violations of law" condition.[42] Mr. Stevenson did not have the right to be presumed innocent at his plea in abeyance evidentiary hearing because neither the plea in abeyance statute nor his plea in abeyance agreement granted him that right.

### B. A Plea in Abeyance Evidentiary Hearing Is Akin to a Probation Violation Hearing Where "Preponderance of the Evidence" Is the Appropriate Standard of Proof

¶38 Mr. Stevenson next argues that we should apply the "beyond a reasonable doubt" standard to plea in abeyance

---

argued that it is not the prosecution's burden to establish violation of a condition but it is instead the defendant's burden to show that he has not violated a condition. We decline to address this argument, however, because it has not been raised before us.

[40] *Supra* ¶¶ 30–32.

[41] *See State v. Bonza*, 150 P.2d 970, 972 (Utah 1944) (holding that "conviction of some subsequent offense is not essential" to establish that a probationer failed to comply with a "no violations of law" condition because a "proceeding for revocation of probation is not a criminal prosecution"); *Williams v. Harris*, 149 P.2d 640, 642 (Utah 1944) (holding that for a district court to terminate probation "there must be some competent evidence of violation of the terms of probation"); *State v. Hodges*, 798 P.2d 270, 278 (Utah Ct. App. 1990) (citing *Williams* and *Bonza* as support for the proposition that "the standard to be used in proving a violation of a condition of probation is a preponderance of the evidence").

[42] *Supra* ¶¶ 30–32.

evidentiary hearings because such a hearing is effectively a criminal contempt proceeding. We disagree. A criminal contempt proceeding is fundamentally different from a plea in abeyance evidentiary hearing in that a person charged with criminal contempt is entitled to the right to be presumed innocent.[43] By contrast, a defendant is not entitled to that right at a plea in abeyance evidentiary hearing unless it is provided for in the plea in abeyance agreement.[44]

¶39 A better analog for a plea in abeyance evidentiary hearing is a probation violation hearing. Though the two proceedings are not identical, we agree with Layton City that the similarities between the two predominate, three of which we discuss below. Accordingly, we conclude that the "preponderance of the evidence" standard is the more appropriate standard for plea in abeyance evidentiary hearings.

¶40 First, a defendant's right to be presumed innocent is inapplicable in both a probation violation hearing and a plea in abeyance evidentiary hearing. As for plea in abeyance evidentiary hearings, a defendant is not entitled to be presumed innocent with respect to the underlying crime, because he waived that right by entering a rule 11 plea.[45] And with respect to a plea in abeyance evidentiary hearing precipitated by the defendant's subsequent conduct, he is not entitled to a presumption of innocence because at such a hearing the prosecution seeks not to prove the defendant guilty of a crime, but instead seeks only to enforce the contractual terms of the plea in abeyance agreement. Similarly, a defendant afforded probation "has already been adjudged guilty of [a] crime" and "need not be indulged the presumption of innocence."[46]

¶41 Second, a plea in abeyance and probation are similar in that each provides a defendant with the opportunity to avoid criminal

---

[43] *Yates v. United States*, 316 F.2d 718, 725 (10th Cir. 1963) ("It is well settled that a person charged with criminal contempt is presumed innocent and must be proven guilty beyond a reasonable doubt.").

[44] *Supra* ¶¶ 30–32, 36–37.

[45] UTAH R. CRIM. P. 11(e)(3) ("The court . . . may not accept [a] plea until the court has found . . . the defendant knows of the right to the presumption of innocence . . . and that by entering the plea, th[is] right[] [is] waived.").

[46] *Baine v. Beckstead*, 347 P.2d 554, 559 (Utah 1959).

penalties in exchange for compliance with certain conditions. The Utah Code expressly recognizes that "[p]robation is an act of grace by the court suspending the imposition or execution of a convicted offender's sentence upon prescribed conditions."[47] We have stated that "[p]arole and probation are essentially matters of grace, which are permitted by the sanction-imposing state, and the conditions under which these grace periods of parole and probation continue to run in satisfaction of criminal penalties are dependent on the state which imposes them."[48]

¶42 A defendant seeking a plea in abeyance similarly appeals to the grace of the court, as indicated by the language in the plea in abeyance statute. Section 77-2a-1(2) of the Utah Code states that a plea in abeyance agreement is only effective "following acceptance of the agreement by the court." A plea in abeyance is discretionary; nothing in the statute *requires* a court to accept a plea in abeyance agreement. The statute makes clear that a plea in abeyance, like probation, offers a defendant the opportunity to avoid criminal penalties to which the defendant would have otherwise been subject.

¶43 Finally, three statutory similarities between probation and a plea in abeyance support applying the same standard of proof. First, probation and a plea in abeyance are similar in terms of a court's ability to oversee administration of the benefit. In fact, the plea in abeyance statute expressly allows courts to oversee a plea in abeyance agreement in the same way the court would oversee probation: "[t]he court may require the Department of Corrections to assist in the administration of the plea in abeyance agreement as if the defendant were on probation."[49]

¶44 Second, the probation and plea in abeyance statutes allow for similar conditions to be imposed on a defendant. In the probation setting, section 77-18-1(8) allows a court to require "as a condition of

---

[47] UTAH CODE § 77-27-1(14) (internal quotation marks omitted).

[48] *Bills v. Shulsen*, 700 P.2d 317, 318 (Utah 1985) (internal quotation marks omitted); *see also Beal v. Turner*, 454 P.2d 624, 626 (Utah 1969) ("[B]eing placed on probation or parole is merely a matter of grace given because of confidence reposed in his promises to refrain from criminal acts and to be a useful law-abiding citizen. When a probationer or parolee violates the confidence reposed in him, he ought not to be heard to cry when he is simply given the just desserts to which he was originally entitled.").

[49] UTAH CODE § 77-2a-3(4).

probation . . . that the defendant . . . comply with other terms and conditions the court considers appropriate." Similarly, section 77-2a-3(5) in the plea in abeyance statute provides that "[t]he terms of a plea in abeyance agreement may include . . . an order that the defendant comply with any other conditions which could have been imposed as conditions of probation upon conviction and sentencing for the same offense."

¶45 And last, the probation and plea in abeyance statutes provide similar procedures for assessing whether a defendant has violated a condition. The plea in abeyance statute authorizes a court to "issue an order requiring the defendant . . . to show cause why the court should not find the terms of the agreement to have been violated and why the agreement should not be terminated."[50] If the court finds, "following an evidentiary hearing," that the defendant did not substantially comply with the condition, the court "may terminate the agreement and enter judgment of conviction and impose sentence against the defendant."[51]

¶46 The probation statute provides for a similar procedure. After receiving "an affidavit alleging with particularity facts asserted to constitute violation of the conditions of probation," the court determines whether there is "probable cause to believe that revocation, modification, or extension of probation is justified."[52] If the court concludes there is probable cause, it must order the defendant "to show cause why the defendant's probation should not be revoked, modified, or extended."[53] The court then holds an evidentiary hearing, and if it finds "that the defendant violated the conditions of probation, the court may order the probation revoked."[54] If probation is revoked, then the court sentences the defendant.[55]

¶47 In arguing against the proposition that a plea in abeyance is analogous to probation, Mr. Stevenson points to differences between plea in abeyance and probation evidentiary hearings. But as

---

[50] *Id.* § 77-2a-4(1).

[51] *Id.*

[52] *Id.* § 77-18-1(12)(b)(i).

[53] *Id.* § 77-18-1(12)(b)(ii).

[54] *Id.* § 77-18-1(12)(e)(ii).

[55] *Id.* § 77-18-1(12)(e)(iii).

discussed below, the distinctions he identifies are immaterial and the issues addressed in the cases he cites are distinguishable from the issue presented in this case.

¶48 First, Mr. Stevenson points out that a plea in abeyance and probation differ in their timing. A plea in abeyance comes before a conviction is entered, whereas probation follows entry of conviction and imposition of a sentence. But this distinction is immaterial because both a plea in abeyance and probation follow an admission or judgment of guilt. A plea in abeyance comes after the defendant pleads guilty or no contest pursuant to a rule 11 colloquy. Probation can similarly follow a rule 11 plea, although it may also follow a conviction after trial.[56] In either case, the defendant no longer has the right to be presumed innocent.

¶49 Second, Mr. Stevenson relies on two cases decided by the court of appeals for the proposition that the standard of proof used in the probation setting cannot be used in the plea in abeyance setting. In *State v. Wimberly*, the defendant argued that the court should require the prosecution to show that he willfully violated his plea in abeyance agreement.[57] The court refused to impose a willfulness requirement because "[a] plea in abeyance is . . . analytically distinct from probation."[58] The court reasoned that the two are analytically distinct with respect to a mens rea requirement because whereas in the probation setting the prosecution must show that a violation was willful,[59] "[n]o Utah case has ever held or implied that a finding of willfulness is required before a trial court may terminate a plea in abeyance agreement . . . . The standard specified by the [plea in abeyance] statute . . . is substantial compliance."[60] The crucial point that makes *Wimberly* distinguishable is that the plea in abeyance statute expressly addressed the issue in that case. That is not the case here, as the plea in abeyance statute does not specifically address what standard of

---

[56] *Id.* § 77-18-1(2)(a) ("On a plea of guilty, guilty with a mental illness, no contest, or conviction of any crime or offense, the court may, after imposing sentence, suspend the execution of the sentence and place the defendant on probation.").

[57] 2013 UT App 160, ¶ 7, 305 P.3d 1072.

[58] *Id.* ¶ 11.

[59] *See State v. Peterson*, 869 P.2d 989, 991 (Utah Ct. App. 1994).

[60] *Wimberly*, 2013 UT App 160, ¶ 13.

proof the prosecution bears in proving that a defendant failed to comply with a condition.

¶50 The other court of appeals case relied on by Mr. Stevenson, *State v. Turnbow*,[61] is similarly distinguishable. There the defendant argued that the court should apply the reasoning of probation cases "to require that proceedings to determine whether a defendant has violated the terms of an abeyance agreement must be initiated prior to expiration of the term of the agreement."[62] The court of appeals recognized that one of our prior cases held that the probation statute "d[oes] not provide for a 'tolling' of the probationary period if a violation occurred during the period."[63] The court of appeals refused to apply this same reasoning in the context of a plea in abeyance, however, because the plea in abeyance statute "does not explicitly state whether the proceedings must be initiated before the end of the term of the agreement."[64] Rather, the court of appeals reasoned, the statute "only states that violation occurring within the term of the agreement known to the prosecutor or the court may trigger a proceeding."[65] As with *Wimberly*, *Turnbow* is distinguishable on the basis that there the court concluded that the plea in abeyance statute expressly addressed the question presented. Here the plea in abeyance statute does not address what standard of proof applies at an evidentiary hearing.

¶51 Although a plea in abeyance is not identical to probation, we agree with Layton City that the similarities between the two predominate. And we conclude that these similarities sufficiently support applying the "preponderance of the evidence" standard of proof to a plea in abeyance evidentiary hearing.

## Conclusion

¶52 We hold that the prosecution need not provide proof of a subsequent conviction to establish a defendant's failure to comply with a "no violations of law" condition. Furthermore, we conclude that the applicable burden of proof for establishing a defendant's failure to comply with a plea in abeyance condition is the

---

[61] 2001 UT App 59, 21 P.3d 249.

[62] *Id.* ¶ 14.

[63] *Id.* ¶ 13 (citing *State v. Green*, 757 P.2d 462, 463 (Utah 1988)).

[64] *Id.* ¶ 16.

[65] *Id.*

"preponderance of the evidence" standard. Accordingly, we affirm the court of appeals and remand the case to the district court to determine whether the prosecution can prove by a preponderance of the evidence that Mr. Stevenson failed to substantially comply with the condition in his plea in abeyance agreement that he commit no violations of law. The district court may exercise its discretion in making this determination by either holding an evidentiary hearing or relying on the existing record.

———