2020 UT App 130

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
RANDY ALLEN HAUGEN,
Appellant.

Opinion
No. 20190518-CA
Filed September 17, 2020

Third District Court, West Jordan Department
The Honorable Katie Bernards-Goodman
No. 071400664

Sarah J. Carlquist, Attorney for Appellant

Sean D. Reyes and Jonathan S. Bauer, Attorneys
for Appellee

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN FORSTER and KATE APPLEBY
concurred.

MORTENSEN, Judge:

¶1 Through an ostensible business deal, Randy Allen Haugen stole $177,380 from a Utah company. After the State charged Haugen with theft, the parties negotiated a plea-in-abeyance agreement. The court accepted the plea and held it in abeyance while Haugen paid the company back. Before Haugen had paid the required restitution in full, however, a Colorado grand jury indicted him on charges of securities fraud and failure to file a tax return. Haugen pled guilty to those charges, and the Utah district court determined that he had violated the terms of the plea-in-abeyance agreement, terminated it, and entered his conviction. Haugen appeals, claiming that the

agreement did not include a condition that he not commit any further violations of law during the abeyance period. We affirm.

BACKGROUND

¶2    Haugen's theft arose from a business arrangement. Based on an internet search, a Utah company seeking electronic equipment contacted Haugen, and the two entered into a contract. The company agreed to pay Haugen $177,380 up front, and Haugen agreed to send the equipment to the company on a specified date. If the equipment was not received by that date, Haugen agreed to refund the money to the company immediately. After the date passed without receipt of the equipment or the money, the company contacted Haugen several times demanding its money back. When Haugen did not comply, a criminal investigation ensued. Haugen's bank records showed that he sent some of the money to another company and transferred the rest to his personal account for household expenses and remodeling his home.

¶3    The State charged Haugen with one count of felony theft. The State and Haugen ultimately entered into a plea-in-abeyance agreement by which Haugen agreed to plead no contest to the theft charge and to pay the stipulated amount of $177,380 in successive, periodic payments over eighteen months. Upon full compliance with the agreement and "provided the Defendant complie[d] with the conditions imposed by the court during the period of abeyance," the State agreed to dismiss the case against Haugen. A Statement of Defendant and Certificate of the Prosecuting Attorney were incorporated into the agreement. The Statement of Defendant included a clause (Integration Clause) that said, "My plea of no contest is the result of a plea bargain between myself and the prosecuting attorney. The promises, duties and provisions of this plea bargain, if any, are fully contained in the Plea Agreement attached to this Statement."

And the Certificate of the Prosecuting Attorney attached to the agreement said, "The plea negotiations are fully contained in this Statement and in the attached Plea Agreement and as may be supplemented on the record before the court."

¶4     The district court held a plea-in-abeyance hearing during which the State and Haugen outlined the terms of the agreement, and the court asked, "Is there anything else that's anticipated that he's required to do during that plea [in] abeyance period other than to have no violations of the law, which the Court will require him to do?" Haugen's counsel responded, "No, sir." The court stated that it would accept Haugen's plea and hold it in abeyance, and reiterated the terms of the agreement, including the abeyance period, the payment terms, and the no-violations-of-law condition:

> The plea will be held in abeyance for a period of 18 months. The terms and conditions of that, Mr. Haugen, are that you pay [the amounts in the agreed-upon phases]. Further, that you have no violations of law, whatsoever. If you are arrested, cited, or charged with a violation of the law, excluding a minor traffic violation, you are to report that to the clerk of this court within 48 hours.

Haugen did not object to the no-violations-of-law condition at any point during the hearing and signed the agreement only after the court orally imposed the condition. After the hearing, the court took two further actions with regard to the imposed requirement. The court entered a Sentence/Judgment/Notice Form into the record, which included a no-further-violations box that it filled in. Additionally, in a minute entry, the court wrote, "Conditions of Agreement: No further violations," among other things.

¶5    In the following years, Haugen struggled to make the payments by the required deadlines, and the plea-in-abeyance period was extended numerous times. During this time, Haugen committed securities fraud and failed to file a tax return, both in violation of Colorado law. Before Haugen made his final payment, the State found out about Haugen's alleged crimes because it received information that a Colorado grand jury had indicted him. The State filed a motion for an order to show cause, asking that Haugen be found in violation of the plea-in-abeyance agreement and that the plea be entered as a conviction. *See* Utah Code Ann. § 77-2a-4(1) (LexisNexis 2017).[1]

¶6    The court issued an order to show cause. The court continued the hearing, however, "to allow time for the Colorado case to resolve." Eventually, Haugen filed a motion to dismiss, asserting that he had complied with the terms of the agreement. Specifically, he argued that the agreement did not include a no-violations-of-law condition and that the court "can't assume conditions like no criminal convictions." For its part, the State argued that the agreement incorporated the court-imposed no-violations-of-law condition. In the meantime, Haugen had pled guilty to the charges against him in Colorado. After reviewing the record, the court determined that the no-violations-of-law condition had been properly imposed, that Haugen had violated the agreement, and that the agreement should be terminated. Therefore, the court entered a judgment of conviction for theft.

¶7    Haugen timely appeals.

---

1. The statutory provisions in effect at the relevant time do not differ in any way material to this case from the current provisions. We therefore cite the current Utah Code for convenience.

## ISSUE AND STANDARD OF REVIEW

¶8     The sole issue before us is whether the district court erred in determining that Haugen violated the plea-in-abeyance agreement. The interpretation of a plea-in-abeyance agreement is reviewed for correctness. *See State v. Francis*, 2017 UT 49, ¶ 8, 424 P.3d 156 ("The enforceability of a plea agreement presents a question of law we review for correctness."). And a district court's decision to terminate a plea-in-abeyance agreement is reviewed for an abuse of discretion. *State v. Wimberly*, 2013 UT App 160, ¶ 5, 305 P.3d 1072.

## ANALYSIS

¶9     A plea-in-abeyance agreement is "an agreement entered into between the prosecution and the defendant setting forth the specific terms and conditions upon which, following acceptance of the agreement by the court, a plea may be held in abeyance." Utah Code Ann. § 77-2a-1(2) (LexisNexis 2017). Plea agreements are essentially contracts, and contract principles generally provide a useful framework within which to interpret them. *State v. Francis*, 2017 UT 49, ¶ 11, 424 P.3d 156. "An overriding principle in contract law is that the intentions of the parties are controlling." *Layton City v. Stevenson*, 2014 UT 37, ¶ 21, 337 P.3d 242 (cleaned up). "Where a contract is unambiguous, the parties' intentions are determined from the plain meaning of the contractual language, and the contract may be interpreted as a matter of law." *Id.* (cleaned up). It is important to note, however, that "while plea agreements are *like* contracts, they are not contracts, and therefore contract doctrines do not always apply to them." *Francis*, 2017 UT 49, ¶ 11 (cleaned up); *see also State v. Stringham*, 2001 UT App 13, ¶ 13, 17 P.3d 1153 ("Although principles of contract law provide a useful analytical framework in cases involving plea agreements, they cannot be blindly

incorporated into the criminal law in the area of plea bargaining." (cleaned up)).

¶10   On appeal, it is undisputed that Haugen committed subsequent criminal acts during the abeyance period. It is also undisputed that Haugen fulfilled his agreement to pay the required restitution after he committed the criminal acts in Colorado. What is disputed, however, is whether his illegal actions were a violation of the plea agreement. Haugen argues that the no-violations-of-law condition was not a part of the agreement, claiming that the full plea agreement was contained in the written agreement. Haugen then argues that he did not expressly and unequivocally agree to the no-violations-of-law term, and therefore it could not form a part of the agreement. Thus, Haugen asserts, the district court erred in determining that he violated the plea agreement. We disagree with Haugen on both points.

¶11   Haugen's first argument is unsound. Haugen's opening brief fails to acknowledge the court-imposed-conditions provision, and he admits as much in his reply brief, stating that he "overlooked the sentence the State cites." When that provision is considered, the resolution of the case before us becomes simple: in the written plea agreement Haugen agreed to abide by any court-imposed conditions; the court imposed a no-violations-of-law condition; Haugen did not object to that condition; Haugen signed the agreement after the court imposed the condition; and Haugen violated it. Haugen's conviction therefore was appropriately entered.

¶12   To start, the no-violations-of-law condition was a part of the agreement by way of the court-imposed-conditions provision. That provision specifically stated that the State would dismiss the case "provided the Defendant complie[d] with the conditions imposed by the court during the period of abeyance." Haugen thus agreed in advance to the conditions the court

would impose upon him. By signing the plea agreement after the court imposed its condition, Haugen consented to it without reservation.

¶13    Next, the record leaves no doubt that the court imposed the no-violations-of-law condition and that Haugen violated it. At the plea-in-abeyance hearing, the court stated—twice—that it was imposing the condition. Initially, the court said, "Is there anything else that's anticipated that [Haugen]'s required to do during that plea and abeyance period *other than to have no violations of the law, which the Court will require him to do*?" (Emphasis added.) And then the court reiterated the condition to Haugen: "[Y]ou [must] have no violations of law, whatsoever. If you are arrested, cited, or charged with a violation of the law, excluding a minor traffic violation, you are to report that to the clerk of this court within 48 hours." The court then submitted a Sentence/Judgment/Notice Form with the no-further-violations box filled in, and wrote "Conditions of Agreement: No further violations," in a minute entry. Subsequently, Haugen pled guilty to securities fraud and failing to file his tax return in Colorado.

¶14    Haugen's only thread of hope under the terms of the agreement is the Integration Clause. But it does not stretch as far as he would like. "Only where the contract is ambiguous will we look to extrinsic evidence to interpret a contract. The language of a contract is ambiguous only if it is reasonably susceptible to more than one interpretation." *Stevenson*, 2014 UT 37, ¶ 21 (cleaned up).

¶15    The provisions in this agreement, read harmoniously, direct the court to look to extrinsic evidence of court-imposed conditions. Indeed, the court-imposed-conditions provision implies as much, and the Certificate of the Prosecuting Attorney explicitly says so: "The plea negotiations are fully contained in this Statement and in the attached Plea Agreement *and as may be supplemented on the record before the court.*" (Emphasis added.)

Thus, the district court did not err in determining that the no-violations-of-law condition was a part of the agreement.

¶16   In short, the agreement allowed for court-imposed conditions without limitation. The court imposed the no-violations-of-law condition. Haugen violated that condition. Consequently, the court did not err in its determination.[2]

¶17   Notwithstanding these points, Haugen maintains his second argument—that he had to expressly and unequivocally agree to all the conditions the court imposed on him—citing *State v. Quintana*, 2002 UT App 166, 48 P.3d 249. We might find this argument compelling without the court-imposed-conditions provision, or if Haugen had disputed its imposition at the hearing. However, under the circumstances of this case, we disagree.

¶18   In *Quintana*, the defendant was charged with theft, and later she and the State entered into an oral plea-in-abeyance agreement. *Id.* ¶¶ 2, 9. The defendant eventually paid the required restitution in the prescribed time period and sought the promised reduction in the degree of her charge. *Id.* ¶ 5. The State opposed her motion, however, "arguing that [the defendant] had not completed the terms of the plea agreement because she had yet to successfully complete her probation." *Id.* The district court agreed with the State, and the defendant appealed. *Id.* ¶ 6. This court reversed because "the State's promise was contingent only upon [the defendant] paying the restitution within six months. [She] upheld her end of the bargain." *Id.* ¶ 9. No

---

2. We nevertheless acknowledge that having all the terms in writing is a better practice, even those imposed at the time of the plea hearing, and that the mere seconds involved in amending a plea agreement by interlineation is time well spent to avoid disputes that might arise later.

evidence existed that she agreed to any term related to probation. *Id.* ¶ 8 n.2.

¶19 *Quintana* does not command the same result here. Unlike the vague oral agreement that did not clearly include the probation condition in *Quintana*, the agreement here expressly included the court-imposed-conditions provision. And the record leaves no doubt that the court imposed the no-violations-of-law condition at the hearing and that Haugen did not uphold his end of the bargain. Furthermore, unlike the defendant in *Quintana* who never consented to probation being a condition, Haugen agreed in advance that he would abide by the conditions the court would impose on him. At the hearing, Haugen could have objected to the condition. He also could have declined to sign the agreement after the district court expressly imposed the no-violations-of-law condition. Instead, he signed the agreement with full knowledge of the no-violations-of-law condition.[3] Under these circumstances, the

---

3. Haugen also argues that the district court violated rule 11 of the Utah Rules of Criminal Procedure by not receiving Haugen's express consent to the no-violations-of-law condition. Utah's Plea-in-Abeyance Statute requires that "acceptance of any plea in anticipation of a plea in abeyance agreement shall be done in full compliance with" rule 11. Utah Code Ann. § 77-2a-3(1)(a) (LexisNexis 2017); *see also Layton City v. Stevenson*, 2014 UT 37, ¶ 31, 337 P.3d 242. Rule 11(i)(3) states, "If the judge then decides that final disposition should not be in conformity with the plea agreement, the judge shall advise the defendant and then call upon the defendant to either affirm or withdraw the plea." Utah R. Crim. P. 11(i)(3). Assuming this provision applies here, the condition was in conformity with the plea agreement given the court-imposed-conditions provision.

district court did not err in determining that Haugen violated the plea-in-abeyance agreement.[4]

## CONCLUSION

¶20 For the foregoing reasons, we hold that the district court did not err in determining that Haugen violated the plea-in-abeyance agreement. Accordingly, we affirm.

———————

4. The court also concluded that a no-violations-of-law condition "is generally a condition of any plea in abeyance, so [it was] going to find that it does include no additional" violations of the law. We cannot agree. Whatever the traditions or routine practices related to plea-in-abeyance agreements may be, *see generally Stevenson*, 2014 UT 37, plea-in-abeyance agreements are like contracts and include only the terms to which the parties agree. *See supra* ¶ 9.