**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**David L. HICKS, Defendant-Appellant.**

**No. 81–3803.**

United States Court of Appeals,
Fifth Circuit.

Nov. 19, 1982.
Certiorari Denied Feb. 22, 1983.
See 103 S.Ct. 1226.

L. Edwin Greer, Shreveport, La., for defendant-appellant.

Joseph S. Cage, Jr., U.S. Atty., D.H. Perkins, Jr., Asst. U.S. Atty., Shreveport, La., for plaintiff-appellee.

Before INGRAHAM, REAVLEY and JOLLY, Circuit Judges.

REAVLEY, Circuit Judge:

Appellant Hicks was convicted of violations of 21 U.S.C. § 844(a) (possession of a non-narcotic controlled substance) and 38

U.S.C. § 218 and 38 C.F.R. § 1.218(m) (possession of a firearm on federal property). He complains in this appeal of violation of the Speedy Trial Act, 18 U.S.C. § 3161 and the Sixth Amendment right to a speedy trial. We affirm.

### The Facts

Appellant Hicks was first indicted April 15, 1980, and superseding indictment was filed on July 2, 1980. One week later the defendant entered into a pretrial diversion agreement with the United States Attorney and Probation offices. The pretrial diversion program seeks to channel certain offenders out of the traditional criminal justice system, substituting for trial and punishment the supervision by a probation office or community agency.

The agreement signed by appellant was much like a parole or probation agreement. Hicks agreed to abide by certain conditions, such as to report regularly to his probation officer and to associate only with law-abiding persons. The government agreed to dismiss the indictment and defer prosecution for 36 months. If Hicks successfully complied, the government agreed that the charges would never be prosecuted. If Hicks violated the agreement, the government reserved the right to prosecute for the original charges. Hicks specifically waived his right to a speedy trial.

In April 1981, appellant's probation officer Maples determined that Hicks had violated the agreement and referred the case back to the U.S. Attorney's office, which elected to prosecute. Hicks filed a motion to dismiss the new indictment on speedy trial grounds. He alleged that the government had violated the agreement by reindicting him, since he had complied with the diversion conditions. He argued that the government's breach entitled him to assert his speedy trial rights, notwithstanding his express waiver.

Testimony was heard from both parties regarding Hicks' violation of the agreement, and the court denied the motion to dismiss. The court found that Hicks had violated the agreement and upheld the speedy trial waiver. Appellant was subsequently convicted.

### The Pretrial Hearing

The government argues that the district court did not have the power to review the decision to terminate appellant from the program. It argues that the court would be participating in the decision to charge. Weaving the argument from the strands of prosecutorial discretion and separation of powers, it seeks to insulate the pretrial diversion program from any and all judicial review.

That would take us too far. The court below, in holding this hearing, was not participating in the decision to charge. The diversion agreement is a contract. The government sought to hold the accused to his side of the bargain, i.e. the waiver of his speedy trial rights. The court was entitled to hear evidence on the violations to make sure that the government had lived up to its side of the bargain.

The court is also charged with the responsibility for safeguarding the constitutional rights of the accused. An apt analogy is the plea bargain. Like pretrial diversion, the plea bargain is an agreement between the prosecutor and the accused. The court has a duty to supervise this process and insure that the defendant's plea is voluntary and that he is informed of his constitutional rights. *United States v. Adams,* 566 F.2d 962, 966 (5th Cir.1978); Fed.R.Crim.P. 11. In *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), the Supreme Court dealt with a plea bargain in which the prosecutor failed to keep a commitment regarding sentence recommendation. The court remanded the plea to the state courts for reconsideration. The Court stated

This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a

promise or agreement of the prosecutor, so that it can be said to be part of the indictment or consideration, such promise must be fulfilled.

*Id.* at 263, 92 S.Ct. at 499. While we acknowledge that no "adjudicative element" is present in the pretrial diversion context, we think the analogy sufficiently persuasive to defeat the government's argument that the court lacks jurisdiction to hold a hearing. Our holding is of a limited nature. We do not decide that the court is required to hold a hearing prior to termination of the agreement, with or without request by defendant. We simply hold that in this case the court was entitled to decide whether defendant should be held to his waiver of speedy trial.

### Effect of the Agreement and Waiver

█ The trial court found that the defendant had violated the terms of his agreement. The government presented appellant's probation officer Maples at the hearing. He testified that Hicks violated several conditions of his probation. First, Hicks failed to inform the office when he got a job. Second, Hicks moved without reporting his new address. Third, Maples testified that Hicks used abusive language in the probation office after Maples requested that Hicks not behave rudely in handing in his reports (said to violate the condition requiring Hicks to follow his probation officer's instructions). The findings of fact are not clearly erroneous.[1]

We think that the government is entitled to hold the defendant to strict compliance with the terms of the agreement. It could be argued that the violations here were not substantial. In *United States v. Reed,* 573 F.2d 1020, 1024 (8th Cir.1978), the court stated

> The decision to revoke probation should not merely be a reflexive reaction to an accumulation of technical violations of the conditions imposed upon the offender. That approach would be inconsistent with and detrimental to the goals of the probation program:
>
>> While presumably it would be inappropriate for a field agent *never* to revoke, the whole thrust of the probation-parole movement is to keep men in the community, working with adjustment problems there, and using revocation only as a last resort when treatment has failed or is about to fail. [Citations omitted]
>
> Rather, probation should be revoked only in those instances in which the offender's behavior demonstrates that he or she "cannot be counted on to avoid antisocial activity." *Morrissey v. Brewer, supra,* 408 U.S. at 479, 92 S.Ct. at 2599.

*See Lacey,* 661 F.2d at 1022. There are important differences, however, between pretrial diversion and probation. First, the defendant has no right to be placed in the program. The government has given the defendant a benefit in allowing him to forego the burdens attendant upon a criminal prosecution. In exchange, it may properly require strict compliance with the diversion conditions. Second, the standard for violation in *Reed* is promulgated pursuant to the court's supervisory powers of the probation

---

1. Our review in this area may be limited. In probation revocation, this court has stated

   The evidence to support a revocation need not establish guilt beyond a reasonable doubt; all that is required is that the evidence of the facts reasonably satisfy the judge that the conduct of the probationer violates the conditions of probation. The district court has broad discretion with regard to the revocation of probation, and its actions will not be disturbed in the absence of a clear showing of an abuse of that discretion.

   *United States v. Lacey,* 661 F.2d 1021, 1022 (5th Cir.1981), *cert. denied,* — U.S. —, 102 S.Ct. 2036, 72 L.Ed.2d 484 (1982). Of course,

   probation is court supervised. In reviewing revocations of parole, this court has applied an arbitrary and capricious standard. *Thompson v. United States, Federal Prison Industries,* 492 F.2d 1082 (5th Cir.1974); *Sexton v. United States,* 429 F.2d 1300 (5th Cir.1970). Since pretrial diversion is a program administered by the Justice Department, considerations of separation of powers and prosecutorial discretion might mandate an even more limited standard of review. However, this is an issue that this court need not address since no error was committed by whatever standard we review the decision.

system. *See United States v. Feinberg,* 631 F.2d 388, 391 (5th Cir.1980). The courts have no similar powers over the pretrial diversion program. Lastly, in probation the government has already obtained a judicial determination of the accused's guilt. Thus, society's interest in convicting the accused has been achieved. Procedural bars to ending probation or parole are more appropriate because the immediate result of probation revocation is imprisonment. In pretrial diversion, there has been no determination of guilt. Strict compliance may be required in order to safeguard the public's interest in seeing criminals punished for their antisocial behavior.

Having upheld the government's decision to terminate Hicks from the program, it follows that Hicks can be held to his waiver of his speedy trial rights.

### No Prejudice to Appellant

■ Even if the waiver had not been effective, appellant's appeal would fail.

The Speedy Trial Act was not violated because the period between the dismissal of the original indictment and the reindictment is not counted. 18 U.S.C. § 3161(h)(6) states:

> If the information or indictment is dismissed upon motion of the attorney for the Government and thereafter a charge is filed against the defendant for the same offense, or any offense required to be joined with that offense, any period of delay from the date the charge was dismissed to the date the time limitation would commence to run as to the subsequent charge had there been no previous charge [is excluded].

Thus the Act expressly excludes the period upon which Hicks' contention depends. *See United States v. Hillegas,* 578 F.2d 453, 459 (2d Cir.1978).

There was no Sixth Amendment violation because Hicks suffered no prejudice by the delay. The Supreme Court identified three forms of prejudice in *Barker v. Wingo,* 407 U.S. 514, 532, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972): (1) oppressive pretrial confinement; (2) anxiety and concern of the defendant; and (3) possible impairment of the accused's ability to defend himself. 407 U.S. at 532, 92 S.Ct. at 2192. Hicks does not allege any pretrial incarceration. We do not think the second element can realistically be applied here, since the charges that would subject Hicks to undue anxiety were pending only hypothetically. Justice Powell identified the third factor, prejudice to the accused's defense as being the most serious. Hicks has not suffered any prejudice. At trial, his sole defense was insanity. None of his witnesses suffered lapses of memory, nor has Hicks shown that any witnesses became unavailable due to delay.

AFFIRMED.