

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00107-CR

MICHAEL SCOTT BAUGHMAN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Cass County, Texas
Trial Court No. 2012-F-00133

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Michael Scott Baughman appeals from a judgment adjudicating him guilty of sexual assault of a child.[1]  *See* TEX. PENAL CODE ANN. § 22.011(f) (West 2011).  In the underlying prosecution, Baughman pled guilty and was thereafter placed on ten years' deferred adjudication community supervision on March 25, 2013.  On April 4, 2013, the State filed a motion to adjudicate guilt, alleging Baughman violated certain conditions of his community supervision because he (1) failed to report for electronic monitoring and regular office visits as directed by the community supervision officer (CSO), (2) failed to participate in the electronic monitoring program, (3) moved from his registered address without advising the necessary authorities, and (4) was found to have been residing in a residence located within 1,000 feet of a school, something he was prohibited from doing.  Baughman pled "not true" to these allegations.  The trial court adjudicated Baughman guilty and sentenced him to eleven years' imprisonment.

On appeal, Baughman contends that the trial court erred (1) in failing to conduct a separate punishment hearing and (2) in failing to permit him to review the CSO's file.  We affirm the judgment of the trial court.

## I.  Separate Punishment Hearing

Baughman contends the trial court erred by failing to conduct a separate punishment hearing following its decision to adjudicate guilt.  Although an appellant has a statutory right to a separate punishment hearing, that right may be waived.  *Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001).  To preserve the statutory right to a separate punishment hearing, a

---

[1]Baughman also appeals from a judgment adjudicating his guilt for the offense of retaliation in our appellate cause number 06-14-00108-CR.  Our opinion in that appeal is issued of even date herewith.

defendant must complain at trial, or assuming there is no opportunity to do so, in a motion for new trial. *Id*.; *see Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999). The failure to object to the lack of a separate punishment hearing waives the error, if any, for appellate review. TEX. R. APP. P. 33.1(a); *Vidaurri*, 49 S.W.3d at 885–86.

Here, Baughman contends that he was not afforded the opportunity to object at trial to the lack of a separate punishment hearing. Accordingly, under *Issa v. State*, 826 S.W.2d 159 (Tex. Crim. App. 1992) (per curiam), Baughman contends that his motion for new trial properly preserved this point of error for appellate review. Because the trial court found Issa guilty and immediately pronounced sentence, Issa did not have the opportunity to object and was therefore permitted to preserve error by filing a motion for new trial. *Id*. at 161; *see Hardeman*, 1 S.W.3d at 690 (opportunity to object provided when trial court asked Hardeman, after adjudicating guilt, whether he had anything to say before sentence pronounced).

The State contends that because the trial court indicated its intention of finding Baughman guilty prior to a recess, following which adjudication of guilt was pronounced, Baughman waived his objection in the trial court.[2] There was no adjudication of guilt until after the court recessed, and the trial court did not unequivocally state, prior to recess, that it would adjudicate guilt. Baughman was not required to object merely because it appeared the trial court *might* adjudicate his guilt.

---

[2]Prior to the recess, the trial court indicated that "what I've got to decide is -- because you didn't even make thirty days -- am I going to devote any more resources to chasing you around this county and trying to make you do what you're required to do." When Baughman indicated that he could follow the requirements, the trial court indicted, "I don't think you can. These conditions of probation are apparently beyond your capacity to do. We're going to take a break and I'm going to give it some thought and come back in and pronounce my judgment." It is at this point, the State contends, that Baughman was required to object.

After the recess, the trial court adjudicated Baughman guilty and pronounced sentence. The record reflects that the trial court announced, "I'm going to adjudicate you guilty of the offense of sexual assault of a child. I'm going to revoke your probation and I'm going to sentence you to serve eleven years in the Institutional Division of the Department of Criminal Justice." Baughman was then remanded to the custody of the sheriff, and court was recessed. The trial court did not ask Baughman whether he knew of any reason why sentence should not be imposed or otherwise had anything to say before sentence was pronounced. *See Euler v. State*, 218 S.W.3d 88, 90 n.3 (Tex. Crim. App. 2007) (request to postpone imposition of sentence timely when trial court announced revocation, assessed punishment, and then asked defendant if he had anything to say before sentence was pronounced; request made at earliest opportunity). Baughman was not provided the opportunity to object and, thus, was entitled to preserve his complaint by motion for new trial. *See Issa*, 826 S.W.2d at 161.

Baughman's motion for new trial included a specific complaint that he was not provided a separate trial on punishment following adjudication. When a motion for new trial is used to complain of the denial of the opportunity to present punishment evidence, "the motion for new trial should indicate with some specificity the evidence that appellant would present" if the separate hearing had been accorded. *Salinas v. State*, 980 S.W.2d 520, 521 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd); *see Issa*, 826 S.W.3d at 161. Here, Baughman failed to indicate in his motion for new trial what evidence he would have presented at a separate hearing on punishment. Accordingly, we conclude that Baughman failed to preserve this issue for appellate review. *See* TEX. R. APP. P. 33.1.

Even assuming that Baughman preserved his complaint, he had an opportunity to present evidence in mitigation of punishment.  *See Pearson v. State*, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999).  In *Pearson*, the defendant was afforded the opportunity, during the adjudication phase, to testify and present mitigating evidence.  "[Pearson] had the *opportunity* to present evidence *during the proceedings*.  That is all that is required." *Id*.

Here, Baughman presented mitigating evidence during the proceedings.  He testified that if the judge were to continue or reinstate community supervision, he would not "have something like this happen again."  Baughman stated that he was sorry for the problems he caused and could do better if given the opportunity.  He promised to report weekly to his CSO, even if he had to walk to get there.  Baughman further testified that he would not violate any conditions relating to his status as a sex offender.  Baughman gave the court his word that he would "try harder" and that he understood the consequences of a violation.  In closing, Baughman's attorney argued against a penitentiary sentence for his client, stating that after having been in jail for a time, Baughman understands that he will have to "take it seriously."  Accordingly, Baughman, through his attorney, requested the court to reinstate his community supervision.  Based on the fact that Baughman presented mitigation evidence during the proceedings—even assuming preservation of the issue—there was no error in assessing punishment immediately after adjudicating guilt.  *See Pearson*, 994 S.W.2d at 179.  We overrule this point of error.

## II.    CSO's File

Baughman filed a motion for production of his CSO's file on May 21, 2013, well in advance of the July 2013 trial.  At a pretrial hearing on that same day, the trial court asked

5

Baughman's attorney if he wanted a ruling on the motion to produce the file. Counsel responded that he was not seeking a ruling on that day because he believed that he and the district attorney "could probably work out whatever [they] needed to do on this."

The subject of the CSO's file did not resurface until the day of trial. After the first witness was sworn and seated in the witness stand, Baughman informed the trial court that he had a motion for production of the CSO's file upon which the trial court had not yet ruled.[3] The trial court inquired of the CSO (the seated witness) if she had the file on Baughman with her, to which she responded that she only had a portion of the file (a very thin manila folder). The witness indicated that she would not be testifying from the file, but that she did have her notes. The trial court then informed Baughman that he was entitled to look at the CSO's notes after she finished testifying on direct examination. Baughman contends that the trial court, thus, implicitly overruled his motion for production of the CSO's entire file. Conversely, the State contends that because the trial court did not rule on the motion and because there was no objection to the trial court's failure to rule, Baughman did not preserve this issue for appellate review.

To preserve a complaint for appellate review, Baughman must have presented to the trial court a timely request, objection, or motion that stated the specific grounds of the desired ruling. TEX. R. APP. P. 33.1(a)(1)(A). The trial court must then have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial

---

[3]Counsel also informed the trial court that he issued a subpoena duces tecum for the file on that same morning. The subpoena duces tecum was handed to the CSO when she appeared in court on the day of trial to testify. The trial court concluded that service of the subpoena duces tecum twenty minutes before the witness took the stand was untimely.

court's refusal to rule. TEX. R. APP. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 338 (Tex. Crim. App. 2004); *State v. Kelley*, 20 S.W.3d 147, 153 n.3 (Tex. App.—Texarkana 2000, no pet.). When an objection or motion is brought to the trial court's attention and the trial court's subsequent action clearly addresses the complaint, appellate courts will generally find that a trial court made an implicit ruling on the objection or motion. *Kelley*, 20 S.W.3d at 153 n.3.

Here, the motion was clearly brought to the trial court's attention. The trial court determined that Baughman was entitled to review only the CSO's trial notes. In light of (1) the trial court's ruling that Baughman's subpoena duces tecum for the CSO's file was untimely, (2) the trial court's determination, after specific inquiry, that the CSO did not bring her file to court, and (3) the fact that the request for a ruling was not made until the CSO was seated on the witness stand and ready to testify, it is reasonable to conclude the trial court implicitly overruled Baughman's motion for production of the entire CSO file. Because the trial court implicitly denied Baughman's request for the entire file, Baughman did not fail to preserve error by failing to obtain a ruling from the trial court.

On appeal, Baughman contends the CSO's file was discoverable pursuant to Article 39.14 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 39.14 (West Supp. 2014). Under the version of the Texas Code of Criminal Procedure in effect at the time of Baughman's trial, Article 39.14 stated,

> Upon motion of the defendant showing good cause therefor and upon notice to the other parties . . . the court in which an action is pending shall order the State before or during trial of a criminal action therein pending or on trial to produce and permit the inspection . . . [of] evidence material to any matter involved in the action and which [is] in the possession, custody or control of the State or any of its agencies.

7

Act of May 18, 2009, 81st Leg., R.S., ch. 276, § 2, 2009 Tex. Gen. Laws 732, 733 (amended 2014) (current version at TEX. CODE CRIM. PROC. ANN. art. 39.14(a) (West Supp. 2014)).

Although Baughman's written motion for production of the CSO's file specifically referenced Rules 612 and 615 of the Texas Rules of Evidence, it does not appear that the trial court considered those Rules in its denial of the motion. At trial, counsel for Baughman articulated the basis for the requested file:

> Your Honor, it's a public record and it's my client's record of his, of his supervision that's maintained by the community supervision office that documents his -- every probationer's payment history, their . . . meetings with their community supervision officer, and one of the main allegations is that my client's community supervision was modified and I've received no evidence that it was ever done so by order of the court or by any kind of written acknowledgement by my client.

"To obtain discovery under article 39.14, a defendant must show good cause for discovery of the item, the item is material to the defense, and the item is possessed by the State." *Tope v. State*, 429 S.W.3d 75, 82 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Further, "the decision on what is discoverable is left to the discretion of the trial court." *Id*. (citing *McBride v. State*, 838 S.W.2d 248, 250 (Tex. Crim. App. 1992)). Baughman maintains on appeal that he was entitled to review the CSO's file to determine whether it included documentation of modifications to his reporting obligation. In light of the State's allegation that Baughman failed to report as directed by the community supervision officer, Baughman satisfied both the good cause and materiality provisions of the statute. And, under the statute, material evidence must be produced even "during trial." We, therefore, conclude that the trial court improperly exercised its discretion in denying Baughman's motion to review his CSO's file.

Nonconstitutional error is reviewed under Rule 44.2 of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 44.2(b); *see Thornton v. State*, 37 S.W.3d 490, 493 (Tex. App.—Texarkana 2000, pet. ref'd) (reviewing issuance of improper discovery order as nonconstitutional error). We must disregard a nonconstitutional error that does not affect a criminal defendant's substantial rights. TEX. R. APP. P. 44.2(b). An error affects a substantial right of the defendant when the error has a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Nonconstitutional error is not grounds for reversal if, "'after examining the record as a whole,'" there is "'fair assurance that the error did not influence the jury, or had but a slight effect.'" *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002) (quoting *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001)).

Here, Baughman's request for the file was based solely on the claim that he violated his reporting obligations.[4] Even if the file included information substantiating Baughman's claim that he was not properly informed of his reporting obligations, we cannot say that the failure to discover such information would have a substantial and injurious affect or influence on the trial court's decision to revoke his community supervision. At most, any such information would invalidate revocation on the sole ground that Baughman failed to report as required.[5]

---

[4]In his brief, Baughman contends that his "CSO's file could have contained evidence relevant to the modification of [his] reporting requirements" and whether he was required to report weekly.

[5]Baughman's CSO, Tasheena Prince, testified that she explained each of the conditions of Baughman's community supervision to him and that he indicated that he understood those conditions. The order of deferred adjudication indicates that Baughman was to report monthly, or "as directed by the court or the supervision officer." Because Baughman was placed on an electronic monitor, Baughman was advised that he was required to report weekly.

In this case, however, the State alleged three additional bases of revocation, including the failure to participate in the electronic monitoring program, a move from his registered address without advising the necessary authorities, and residing in a residence located within 1,000 feet of a school. The record contains evidence in support of these allegations. Prince testified that Baughman failed to charge his electronic monitor and ultimately removed the electronic monitor from his ankle, which she classified as a "major violation." At some point after Baughman's monitor was disabled or removed, Prince was advised by the Atlanta Police Department that Baughman was at a residence located within 1,000 feet of a school. Additionally, in her effort to locate Baughman after he removed his electronic monitor, Prince spoke with Baughman's mother, with whom he was allegedly residing. Prince learned from Baughman's mother that he no longer resided at her residence. Baughman was ultimately arrested at an Atlanta residence approximately one street away from the school.

Because the trial court, acting as the fact-finder, was presented with evidence of additional violations of the terms of Baughman's community supervision, the sufficiency of which is uncontested on appeal, we have fair assurance that the error here did not affect Baughman's substantial rights.

## III.    Conclusion

We affirm the trial court's judgment.


                                          Bailey C. Moseley
                                          Justice

Date Submitted:     November 7, 2014
Date Decided:       November 18, 2014

Do Not Publish