**Opinion filed October 11, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00298-CR

_____

## COLBY TAYLOR LEE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law**
**Erath County, Texas**
**Trial Court Cause No. 45,758**

### O P I N I O N

This appeal arises from a pretrial intervention agreement. Specifically, it presents the question of whether or not a defendant in Texas is entitled to an evidentiary hearing if the State believes that he has violated a provision of the pretrial intervention agreement. Under the limited statutory framework in Texas for pretrial

intervention/pretrial diversion agreements, we conclude that a defendant is not entitled to such a hearing. We affirm.

## Background Facts

Colby Taylor Lee was charged by information and complaint with driving while intoxicated. He subsequently entered into a "Pre-Trial Intervention Agreement" with the State. In the agreement, Appellant waived his right to a speedy trial and agreed to abide by certain conditions during a "2 year probation term" starting on the date of the agreement. Among those conditions were that Appellant would "[a]void injurious or vicious habits and abstain from the use of unlawful controlled substances, dangerous drugs or marijuana, in any form, and not use alcoholic beverages" and "avoid places and persons of harmful or disreputable character . . . and not associate with persons who possess, sell, or use controlled substances, dangerous drugs or marijuana." Appellant further agreed that, if he violated the terms of the agreement during the probation period, he would appear in court, enter a plea of guilty or no contest, and allow a stipulation of evidence to be offered by the State without objection. In this regard, Appellant also executed a stipulation of evidence as a part of the agreement.

One year later, Appellant was arrested for an offense alleged to have occurred in Somervell County. Based upon this subsequent arrest, the State believed that Appellant had violated the terms of the agreement, and it requested the trial court to set the case for a bench trial. The trial court proceeded to a hearing on the State's request. The State alleged at the hearing that Appellant was pulled over, that he was driving a vehicle that was not registered to him, that he admitted to drinking alcohol, and that there was marihuana in the vehicle. Appellant had a passenger with him, who later admitted to possessing the marihuana. Based on this incident, the State alleged that Appellant had violated the terms of the pretrial intervention agreement.

2

The State represented to the trial court that it based these allegations on an offense report and a video taken at the time of the arrest. However, the State did not produce these items, nor did it offer any other evidence of Appellant's alleged violation of the agreement.

Appellant argued that the trial court should require the State to put on evidence of the alleged violation of the pretrial intervention agreement. The trial court disagreed, stating, "[T]he Court's satisfied there was a violation." The trial court then admitted the pretrial intervention agreement into evidence as an exhibit, found Appellant guilty of driving while intoxicated, and proceeded to the issue of punishment. The trial court accepted the State's recommendation and sentenced Appellant to 180 days in the county jail, probated for eighteen months.

*Analysis*

Pretrial intervention/pretrial diversion is a practice that allows a defendant an opportunity to delay a finding of guilt so that he may complete a program and have his charges dismissed. *Fisher v. State*, 832 S.W.2d 641, 643–44 (Tex. App.—Corpus Christi 1992, no pet.). Generally, it involves a written agreement between the State and the defendant where the defendant agrees to comply with certain conditions for a specified period of time and the State agrees to dismiss the charges if the defendant successfully complies with the agreement. *Id.*

In his sole issue, Appellant contends that he was denied due process when the trial court failed to hold an evidentiary hearing and require the State to produce evidence that he violated the pretrial intervention agreement. He asks us to vacate his conviction for the purpose of remanding the case back to the trial court for a "due process evidentiary hearing," ostensibly to be reinstated on pretrial intervention.

This appears to be an issue of first impression in Texas. The reported Texas cases addressing pretrial intervention have addressed a defendant's right or

entitlement to initially be placed on pretrial intervention, also known as pretrial diversion. *See Tope v. State*, 429 S.W.3d 75 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Texas courts have repeatedly determined that defendants do not have a right or entitlement to be placed into a pretrial intervention or pretrial diversion program. *Id.* at 81–82.

The Texas legislature has addressed pretrial intervention in only a limited manner. *Tope*, 429 S.W.3d at 81. The Government Code authorizes the Community Supervision and Corrections Department to supervise defendants in pretrial intervention programs. TEX. GOV'T CODE ANN. § 76.011(a) (West Supp. 2018). The Code of Criminal Procedure authorizes a district attorney, criminal district attorney, or county attorney to collect fees from defendants in pretrial intervention programs. TEX. CODE CRIM. PROC. ANN. art. 102.0121(a) (West 2018). Additionally, a defendant is entitled to have his arrest record expunged upon successful completion of pretrial intervention. *Id.* art. 55.01(a)(2)(A)(ii)(b). However, the legislature has provided no framework for determining a defendant's eligibility for pretrial intervention, and it has established no procedures for the removal of a defendant from a pretrial intervention program based upon an alleged violation of the agreement. Thus, the organization and administration of a pretrial intervention program is left up to the prosecutor. *See Tope*, 429 S.W.3d at 81–82.

Prosecutors have broad discretion in deciding which cases to prosecute. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *Neal v. State*, 150 S.W.3d 169, 173 (Tex. Crim. App. 2004). In determining which cases should be prosecuted, the judiciary may not substitute its judgment for that of the prosecutor. *See Murphy v. Sumners*, 112 S.W. 1070, 1071 (Tex. Crim. App. 1908) (refusing to issue a writ of mandamus ordering the county attorney to prosecute a case). In Texas, pretrial intervention programs stem from "long-established principles of prosecutorial

4

discretion in determining which cases to prosecute and what charges, if any, to file." *Tope*, 429 S.W.3d at 81.

A defendant is entitled to procedural due process when he is being deprived of a protected liberty or property interest. *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972); *Ex parte Montgomery*, 894 S.W.2d 324, 327 (Tex. Crim. App. 1995). The defendant asserting a due process right "must show an entitlement," and "the interest at issue must 'amount to more than a unilateral hope.'" *Tope*, 429 S.W.3d at 81 (quoting *Montgomery*, 894 S.W.2d at 327). A defendant has no right or entitlement to enter into a pretrial intervention program, and due process rights are not implicated by being excluded from such a program. *Id.*

Appellant contends that pretrial intervention agreements are analogous to plea bargain agreements and deferred adjudication. Therefore, Appellant contends, in the absence of statutory guidance, due process requires that the revocation of a pretrial intervention agreement should be treated in a manner similar to the revocation of community supervision after being placed on deferred adjudication, with a defendant being entitled to an evidentiary hearing and a finding by a preponderance of the evidence that he has violated the pretrial intervention agreement.

The Supreme Court has held that, in order for a plea bargain to be enforceable against a defendant, the prosecutor must fulfill its end of the bargain. *Santobello v. New York*, 404 U.S. 257, 262 (1971). Relying on *Santobello*, the Fifth Circuit held that a pretrial diversion agreement is analogous to a plea bargain and that a trial court is entitled to ensure that the prosecutor lives up to its side of the bargain before enforcing the agreement. *United States v. Hicks*, 693 F.2d 32, 33–34 (5th Cir. 1982).

Appellant relies upon *Hicks* to assert that he was entitled to a hearing on his alleged violation of the agreement. In *Hicks*, the defendant entered into a pretrial

diversion agreement with the United States Attorney and agreed to abide by certain conditions. 693 F.2d at 33. Nine months later, the defendant's probation officer determined that he violated the agreement and referred the case back to the United States Attorney, who elected to prosecute the defendant. *Id.* The trial court conducted a hearing regarding the defendant's alleged violation of the agreement and heard testimony from both parties. *Id.* On appeal, the government argued that the trial court lacked jurisdiction to review the United States Attorney's decision to terminate the defendant from the program. *Id.* The Fifth Circuit disagreed, holding that "the court was entitled to hear evidence on the violations to make sure that the government had lived up to its side of the bargain." *Id.* The court, however, went on to explain:

> Our holding is of a limited nature. We do not decide that the court is required to hold a hearing prior to termination of the agreement, with or without request by defendant. We simply hold that in this case the court was entitled to decide whether defendant should be held to his waiver of speedy trial.

*Id.* at 34. *Hicks* is distinguishable because the trial court in that case elected to conduct a hearing on the defendant's alleged violation of the diversion agreement.

Other jurisdictions have addressed this issue. Some jurisdictions have held that termination from a pretrial intervention program can occur without a hearing. *See, e.g.*, *State v. Board*, 565 So. 2d 880, 881 (Fla. Dist. Ct. App. 1990) (holding that to compel the prosecutor to reinstate pretrial diversion would be a violation of prosecutorial discretion); *Deurloo v. State*, 690 N.E.2d 1210, 1212–13 (Ind. Ct. App. 1998) (holding that the defendant was not entitled to a hearing because termination of pretrial diversion does not implicate a liberty interest). Other jurisdictions require a hearing. *See, e.g.*, *State v. Wilson*, 443 A.2d 252, 257–58 (N.J. Super. Ct. Law Div. 1981) (holding that the defendant is statutorily entitled to a "summary hearing" but that due process does not require a full evidentiary hearing in every case); *Layton*

6

*City v. Stevenson*, 337 P.3d 242, 245 n.5 (Utah 2014) (citing a Utah statute allowing termination of a plea in abeyance agreement after an evidentiary hearing); *State v. Marino*, 674 P.2d 171, 175–76 (Wash. 1984) (holding that, in order to terminate pretrial diversion, the trial court must make a finding that termination is reasonable and clearly state the evidence upon which the court relied).

Most of the jurisdictions requiring a hearing have based their determination on a statute requiring a hearing. As we have noted, there is no statutory requirement in Texas for a hearing whenever a violation of a pretrial intervention/pretrial diversion agreement is alleged. In the absence of a statute requiring a hearing, we hold that Appellant was not entitled to an evidentiary hearing to determine whether he violated the terms of his pretrial intervention agreement in this case.

Appellant's reliance on the procedural rights afforded defendants placed on deferred adjudication is misplaced. Pretrial intervention differs from deferred adjudication. In deferred adjudication cases, the defendant has a statutory right to a hearing on whether the court will proceed with an adjudication of guilt on the original charge. CRIM. PROC. art. 42A.108(b). No such statutory right exists for defendants who enter into pretrial intervention agreements. Further, a defendant may only be placed on deferred adjudication community supervision "if in the judge's opinion the best interest of society and the defendant will be served" by such a placement and only "after receiving a plea of guilty or nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt." *Id.* art. 42A.101. Pretrial intervention, in contrast, is offered at the discretion of the prosecutor, and there is no requirement that it be offered only after a finding of guilt. *Tope*, 429 S.W.3d at 81.

Moreover, a defendant charged with driving while intoxicated is not eligible for deferred adjudication under Article 42A.102 of the Texas Code of Criminal

Procedure. CRIM. PROC. art. 42A.102(b)(1)(A); TEX. PENAL CODE ANN. § 49.04 (West Supp. 2018); *see In re Watkins*, 315 S.W.3d 907, 908 (Tex. App.—Dallas 2010, orig. proceeding). Thus, the benefit that Appellant could have obtained by successfully completing pretrial intervention—in the form of a dismissal of his charge—was something that would not be available to him otherwise.

One Texas case has noted that "[p]re-trial diversion agreements . . . are akin to negotiated plea agreements, which have been equated to a contract." *In re D.R.R.*, 322 S.W.3d 771, 773 (Tex. App.—El Paso 2010, no pet.) (citing *Ex parte Williams*, 637 S.W.2d 943, 948 (Tex. Crim. App. 1982)). "If either party fails to keep their side of the agreement, the proper relief is either specific enforcement or withdrawal of the agreement." *Id.* Thus, if a defendant believes that the State has failed to keep its end of the bargain, the proper relief is to either withdraw from the pretrial intervention agreement and enter a plea of not guilty or seek specific performance of the agreement by filing a motion to dismiss. *Id.*

The pretrial intervention agreement that Appellant signed did not include any provisions requiring a hearing to determine whether he violated the agreement. Furthermore, the State and Appellant did not agree for the trial court to supervise the administration of the pretrial intervention program as would be the case with a defendant placed on regular community supervision or deferred adjudication. *See Deurloo*, 690 N.E.2d at 1212.

We conclude that Appellant was not entitled to an evidentiary hearing on the State's contention that Appellant violated the pretrial intervention agreement. Texas courts have repeatedly held that a defendant does not have a right to participate in pretrial intervention and that the judiciary has no power to require the State to place a defendant on pretrial intervention. *Tope*, 429 S.W.3d at 81. For the same reason, we hold that a court does not have authority to require the State to keep a defendant

on pretrial intervention after the State determines that a defendant has violated the agreement. Thus, a defendant placed on pretrial intervention does not have a liberty interest requiring a hearing for due process purposes. We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


October 11, 2018

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Willson, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1] Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.