

# In the Court of Criminal Appeals of Texas

━━━━━

No. WR-93,764-01

━━━━━

EX PARTE DEMETRIUS BEASON,

*Applicant*

━━━━━

On Application for Writ of Habeas Corpus
Cause No. W16-52471-M(A) in the 194th District Court
Dallas County

━━━━━

YEARY, J., filed dissenting opinion.

Applicant's claim in this Court does not challenge the validity of his conviction or ultimate sentence—at all. So why does the Court afford the drastic and unnecessary remedy of a whole new punishment proceeding on the revocation trial of his deferred adjudication? A new punishment proceeding is not called for by either Applicant's claims, or

by the evidence. The Court should act with greater restraint in fashioning an appropriate remedy under these circumstances.

Indeed, in my view, Applicant may not even be entitled to any relief at all, much less a new punishment hearing. So, I feel compelled to say in these circumstances that, at the very least, the Court should consider some less drastic remedy. At a minimum the Court should limit the relief it affords to a remedy for the deprivation that Applicant *actually claims*. Because the Court does not, and because it instead pushes ahead to upset Applicant's perfectly lawful and completely unchallenged sentence, I dissent.

## I. BACKGROUND

Applicant committed burglary of a habitation in 2016. He pled guilty to that offense under a plea agreement in accordance with which he received six years' deferred adjudication community supervision. Then, in 2020, the State filed a motion to revoke that probation and to proceed to adjudication.

This time, in an open plea, Applicant pled true to the allegations in the State's motion, and the trial court assessed punishment at a ten-year term of confinement in the penitentiary. At that time, the trial court expressed a willingness to *consider* bringing Applicant back, within the statutory timetable, and placing him on so-called "shock" probation. *See* TEX. CODE CRIM. PROC. art. 42A.202 (providing discretion in the trial court to suspend further execution of sentence and place convict on community supervision, extending its jurisdiction for 180 days from the date sentence begins for this purpose). But nothing in the

record indicates that the trial judge *promised* to conduct a hearing on such a motion.

A hearing for the trial court to *consider* shock probation was scheduled to occur on the 178th day after sentencing. For reasons not well explained by the record, however, Applicant was removed from the courtroom and returned to the jail before the shock probation hearing could commence. Because Applicant's adjudication-revocation attorney had pressing time commitments in the interim, the hearing could not be rescheduled until the 182nd day. At that time the parties realized that the trial court's jurisdiction had expired, and no hearing was held.

The parties now agree that Applicant has been deprived of the opportunity to have the trial court *consider* whether to grant him shock probation, and that he should obtain some form of "relief." In its recommended findings of fact and conclusions of law, the trial court agrees that habeas corpus "relief" is appropriate. But neither the parties nor the trial court have hinted at *what form of relief* would in fact be appropriate. Regrettable as the circumstances might be, it is not entirely clear to me that relief of any kind is appropriate. Whatever relief might be called for, though, it would *not be* to grant Applicant *a whole new punishment hearing*!

## II. What Relief?—If Any...

First, the record before us provides absolutely no justification for overturning Applicant's original guilty plea to the offense, entered back in 2016. That plea was the product of a negotiation with the State whereby Applicant received, insofar as this record reveals, the full benefit of his bargain: six years' deferred adjudication community

supervision. There is no suggestion that Applicant's plea on the question of his guilt was rendered involuntary or otherwise invalid by reason of the trial court's inability, four years later, to impose shock probation after adjudication. The Court therefore rightly declines to grant Applicant an entirely new trial.

Nor is there any showing that Applicant's plea of true to the State's motion to adjudicate was somehow invalid, such that there is any cause to overturn it. Nothing in the pleadings or the record suggests that Applicant's open plea to the State's motion was in any way contingent on the trial court's (apparently *sua sponte*) suggestion that it would be *open to considering* shock probation in the case. So, his open plea was not somehow rendered involuntary by the subsequent events. Granting Applicant a new punishment hearing on his deferred-adjudication-revocation proceeding also seems anomalous.

Should the Court nevertheless work around the trial court's statutorily limited "jurisdiction" to consider shock probation,[1] and simply grant Applicant—out of time—a new opportunity for the hearing that circumstances seem to have deprived him of? I even have my concerns about that. The record reveals no reasonable expectation on the part of Applicant to obtain shock probation, even if the trial court did signal a willingness to consider it. Absent such an expectation, he arguably lacks even a due process right to a hearing on the matter.

While the statute requires a hearing before shock probation may be *granted*, it also expressly provides that shock probation may be

---

[1] Under Article 42A.202(a), it is the "jurisdiction" of the trial court, not just its authority, which "continues" for an extended period in order to make shock probation possible. TEX. CODE CRIM. PROC. art. 42A.202(a).

*denied* "without holding a hearing[.]" TEX. CODE CRIM. PROC. art. 42A.202(e). State law provides him no reasonable expectation of obtaining shock probation, nor does it insulate him from being denied shock probation without a hearing. It simply affords him the *possibility* of shock probation, as a function of *judicial discretion.* And such an attenuated interest is insufficient to trigger a procedural due process right. *See Ex parte Montgomery*, 894 S.W.2d 324, 327 (Tex. Crim. App.1995) (explaining that a defendant who asserts a violation of a due process interest "must show an entitlement" to the interest he claims, and that that interest must "amount to more than a 'unilateral hope'"); *cf. Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) (recognizing, in the prison setting, that "the State having created the right to good time itself and recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated"). In short, it is not clear to me that Applicant has a sufficient liberty interest in obtaining shock probation that even the arbitrary deprivation of a hearing to inform the trial court's discretion will constitute a constitutional infraction. *See, e.g., Lee v. State*, 560 S.W.3d 768, 773 (Tex. App.—Eastland 2018, pet. ref'd) ("[A] defendant placed on pretrial intervention does not have a liberty interest requiring a hearing for due process purposes."). The Court today grants relief without ever addressing this threshold question.

The trial court has recommended that we conclude that depriving

Applicant of a shock probation hearing constituted a violation of his due process rights as recognized by this Court's unpublished opinion in *Ex parte Balderas*, No. AP-75,230, 2002 WL 2087015 (Tex. Crim. App. Aug. 31, 2005) (not designated for publication). There, on facts quite similar to those before us today, the Court granted relief in the form of a whole new trial (which mistake, thankfully, the Court does not repeat today). One major difference between *Balderas* and Applicant's case is that, in *Balderas*, the convicting court indicated on the record that, given the chance, it certainly *would* have granted the applicant shock probation. We *do not* have that here. In any event, the Court did not explain its rationale in granting relief in *Balderas*—any more than it explains itself today. I afford the Court's unpublished opinion in *Balderas* no precedential value at all.

But, again, if the Court is determined to try to fix what circumstances seem to have deprived Applicant of in this case, it should not overturn his sentence. It should instead, at a minimum, endeavor to fashion a remedy only to the specific deprivation Applicant has alleged and proved. And if the Court deems that he has successfully established his claim, perhaps the Court might rely instead on its precedents which have suggested the authority to correct events that occur to the detriment of a defendant because of a "breakdown in the system." *E.g.*, *Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006). That, it seems to me, is the only credible way to justify the Court acting, at all, to rescue Applicant from the deprivation of a privilege that he has no right to.[2]

---

[2]It also seems contrary to the evident boundaries established in the statute the Applicant relies upon, which seems expressly to limit even the trial

### III. Conclusion

I am far from sure that Applicant has pled and proved facts which entitle him to any relief at all. I am certain he has not pled or proved facts entitling him to a whole new punishment hearing on the revocation of his deferred adjudication. I respectfully dissent to the Court's disposition in this case.

**FILED:**                                      June 28, 2023
**PUBLISH**

---

court's discretion to act, unless such action is taken within "180 days from the date the execution of the sentence actually begins." TEX. CODE CRIM. PROC. art. 42A.202(a). Should we act to suspend the operation of provisions of the Code of Criminal Procedure any old time a trial court expresses a desire not to be cut off by a timeline that the legislature of our state has chosen to impose on it? Rule 2 of our Texas Rules of Appellate Procedure seems to counsel a more circumscribed approach. It provides: "On a party's motion or on its own initiative an appellate court may—to expedite a decision or for other good cause—suspend a rule's operation in a particular case and order a different procedure; but *a court must not construe this rule to suspend any provision in the Code of Criminal Procedure*." TEX. R. APP. P. 2 (emphasis added).